UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:08-cv-00695(JR) |
| v. | ) | |
| | ) | |
| | ) | |
| SAMS TRANSP. SERVICES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————————— | ) | |

**MOTION TO DISMISS COUNT ONE OF THE COMPLAINT IN INTERPLEADER
BY ALL-STAR TRANSPORTATION, INC., FIRST TRUCKING, INC.,
GREGORY LOGISTICS, INC., J&E EXPRESS INC.,
SCHIBI TRANSPORTATION, L.L.C., AND TOPPER 1**

Defendants All-Star Transportation, Inc., First Trucking, Inc., Gregory Logistics, Inc., J&E Express, Inc., Shibi Transportation, L.L.C., and Topper 1, move to dismiss Count One of the Plaintiff's Complaint in Interpleader for failing to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).  The bases for this motion are set forth in the accompanying Memorandum of Points and Authorities in Support of Motion to Dismiss the Complaint in Interpleader.

Date:   June 13, 2008                        Respectfully submitted,

                                             /s/ Paul D. Cullen, Jr.
                                             Paul D. Cullen, Jr. (D.C. Bar No. 463759)
                                             **The Cullen Law Firm, PLLC**
                                             1101 30th Street NW, Suite 300
                                             Washington, DC 20007
                                             (202) 944-8600
                                             (202) 944-8611
                                             Counsel for Defendants
                                             All-Star Transportation, Inc.
                                             First Trucking, Inc.
                                             Gregory Logistics, Inc.
                                             J&E Express, Inc.
                                             Schibi Transportation, L.L.C.
                                             Topper 1

## CERTIFICATE OF SERVICE

I certify that on June 13th, 2008,  I served the following:

On behalf of the following parties: American Transports, Inc., All-Star Transportation, Inc., First

Trucking, Inc., J&E Express, Inc., Schibi Transportation, L.L.C, and Gregory Logistics, Inc.:

- •    Appearance;

- •    Rule 7.1 Certificate of Disclosure of Corporate Affiliations and Financial Interest;

On behalf of all parties listed above and Topper 1:

- •    Motion to Dismiss Count One of the Complaint in Interpleader by All-Star Transportation, Inc., First Trucking, Inc., J&E Express, Inc., Schibi Transportation, L.L.C, Gregory Logistics, Inc., and Topper 1;

- •    Memorandum of Points and Authorities in Support of Motion to Dismiss Count one of the Complaint in Interpleader and Exhibits 1 and 2; and

- •    Proposed Order granting motion.

These documents will be delivered electronically by the court's CM/ECF system or by U.S.

Postal Service as indicated below to the counsel and parties in this action.


    /s/ Paul D. Cullen, Jr.
Paul D. Cullen, Jr. (D.C. Bar No.: 463759)


**Counsel Served Electronically:**

Eric R. Stanco, Esquire
Valerie Elizabeth Powell, Esquire
Stanco & Associates
126 C Street, N.W.
Washington, DC  20001
VEPOWELL@SURETYLAW.COM

Counsel to RLI Insurance Company

**Parties Served by U.S. Postal Service:**

Sam's Transportation Services, Inc.
a/t/a  Sams Transportation, Services, Inc.
3868 Highway 61 North
Cleveland, MS 38732-8726

Peter Roncali
489 Parker Bayou Road
Shaw, MS 38773

Alterndorf Express
P.O. Box 250
Minto, ND 58261
American Transport, Inc.
100 Insdustry Drive
Pittsburgh, PA 15275-1014

Apex Capital LP
6000 Western Place, Suite 1000
Ft. Worth, TX 76107

Avalon Express, Inc.
207 W. 3rd Street, Suite 205
Northfield, MN 55057

CBR Transport, Inc.
c/o Sunbelt Finance, L.L.C.
P.O. Box 17000
Jonesboro, AR 72403

Central Carriers, Inc.
2823 Hwy. 2 West
Rugby, ND 58368

CFC Transportation, Inc.
c/o First Advantage Transportation Services
P.O. Box 710
Lake Havasu City, AZ 86405-0710

4

Chicagotrans Enterprises, Inc.
27 E. Hattendorf, Suite 411
Roselle, IL 60172

CTC Trucking, Inc.
699 S. Range Road
Cocoa, FL 32926

DLK Trucking, Inc.
P.O. Box 848
Plover, WI 54467

Deeco Transportation
7833 Rickie Street
Lansing, MI 48917

Direct Transport, Ltd.
460 7th Avenue NE
West Fargo, ND 58078-1061

DTI Logistics, Inc.
P.O. Box 1678
Tucker, GA 30085-1678

Eagle Expeditors, Inc.
2186 Chesnee Hwy.
Spartanburg, SC 29303

Equity Transportation Company, Inc.
3685 Dykstra Drive, NW
Walker, MI 49544

H&V Leasing, Inc.
P.O. Box 999
Newport, AR 72112

Haul-Line, Inc.
8529 Arboleda Drive
El Paso, TX 79907

Huff & Puff Trucking, Inc.
c/o First Advantage Transportation Services

5

P.O. Box 710
Lake Havasu City, AZ 86405-0710

Wiest Truck Line, Inc.
8060 36th Street Southeast
Jamestown, ND 58401-9510

John R. Reed, Inc.
75 Currie Road, P.O. Box 306
Dyer, TN 38330

J&E Trucking, Inc.
c/o Sunbelt Finance, L.L.C.
P.O. Box 17000
Jonesboro, AR 72403

K.A.T. Logistics, Inc.
101 N. Houston, P.O. Box 714
Cameron, TX 76520

M&B Trucking Express Corp.
P.O. Box 395
Columbia Station, OH 33028

Marvin Keller Trucking
c/o TransCredit, Inc.
9485 Regency Square Blvd., Suite 102
Jacksonville, FL 32225

Mid South Transport, Inc.
P.O. Box 16013
Memphis, TN 38186-0013

Northstar Transportation Solutions L.L.C.
c/o First Advantage Transportation Services
P.O. Box 710
Lake Havasu City, AZ 86405-0710

Perimeter Transportation Company, L.L.C.
5515 East Holmes Road
Memphis, TN 38118-7933

R&B Trucking of Tupelo, Inc.
955 S. Eason Blvd.
Tupelo, MS 38804

R.T. Peterson Trucking, L.L.P.
401 N I-27 Hwy., Bldg 13
Lubbock, TX 79403

Rivers Trucking, Inc.
500 Meadowbrook Farms Road
Green Cove Springs, FL 32043

Safeway Express, L.L.C.
c/o Sunbelt Finance, L.L.C.
P.O. Box 17000
Jonesboro, AR 72403

Simple Solution Inc.
c/o Eagle Capital Corporation
4141 West Main Street,
 P.O. Box 4215
Tupelo, MS 38803

Southwest Logistics, Inc.
P.O. Box 646
Platteville, WI 53818

Tennessee Steel Haulers, Inc.
2607 Brick Church Pike
Nashville, TN 37207

Total Transportation of Mississippi
125 Riverview Drive
Richland, MS 39218

Trade Winds Transit, Inc.
1065 Bloomfield Road
Bardstown, KY 40004

Universal Am-Can Ltd.
P.O. Box 2007
Warren, MI 48090

Western Express, Inc.
c/o Roland M. Lowell, Esq.
7135 Centennial Place
Nashville, TN 37209

Western Freightways
c/o Weiss Spencer & Levin
3170 North Federal Highway, Suite 100
Lighthouse Point, FL 33064

Wild West Transportation, Inc.
c/o Eagle Capital Corporation
4141 West Main Street,
P.O. Box 4215
Tupelo, MS 38803

Williams Trucking
c/o Eagle Capital Corporation
4141 West Main Street,
P.O. Box 4215
Tupelo, MS 38803

Landtrop Express, Inc.
c/o TranCentral Financial, Inc.
4284 Paysphere Circle
Chicago, IL 60674

Pacer Transport
1229 E. Pleasant Run Road, Suite 300
DeSoto, TX 75115

Hofmann Trucking L.L.C.
P.O. Box 550
Jamestown, ND 58402

W.C. Cooper Trucking
2268 Roberts Road
Carthage, MS 39051

J.M. Express, Inc.
401 Somerville Avenue
Chattanooga, TN 37405

HMD Trucking, Inc.
10031 Virginia Avenue
Chicago Ridge, IL 60415

Charles Evans Trucking
P.O. Box 306
Wiggins, MS 39577

Goolsby Trucking Co., Inc.
1218 W. Bankhead Street
New Albany, MS 38652

Black Thunderbird Trucking
15038 N. 150th Land
Surprise, AZ 85379

Long Haul Delivery Service
5555 Brazoria Dr.
Grand Prairie, TX 75052

Dedicated Transportation, L.L.C.
9177A Hwy 182
Opelousas, LA 70570

Abbott Freight, Inc.
105 W. Alameda Avenue, Suite 216
Burbank, CA 91502

Big M. Transportation, Inc.
P.O. Box 8
Hickory Flat, MS 38633

ADS Trucking, Inc.
6344 Tramore Lane
Rockford, IL 61107

Landforce Express Corp.
15402 W. Sage Street
Victorville, CA 92392

Century Carriers Inc.
2401 Clements Road

Cottondale, AL 35453

McGriff Transportation, Inc.
86 Walnut Street
Cullman, AL 35055

Dango Express, Inc.
P.O. Box 41658
Bakersfield, CA 93384

Special Delivery Xpress, Inc.
9605 Lilac
St. Louis, MO 63137

D&S Haulers, LLC
3 County Road 431
Water Valley, MS 38965

Dedicated Transportation, L.L.C.
9177A Hwy 182
Opelousas, LA 70570

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:08-cv-00695(JR) |
| v. | ) | |
| | ) | |
| | ) | |
| SAM'S TRANSP. SERVICES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS COUNT ONE OF THE COMPLAINT IN INTERPLEADER**

Date:   June 13, 2008                           Respectfully submitted,

/s/ Paul D. Cullen, Jr.
Paul D. Cullen, Jr. (D.C. Bar No. 463759)
**The Cullen Law Firm, PLLC**
1101 30th Street NW, Suite 300
Washington, DC 20007
(202) 944-8600
(202) 944-8611
Counsel for Defendants
All-Star Transportation, Inc.
First Trucking,
Gregory Logistics, Inc.
J & E Express, Inc.
Schibi Transportation, LLC
Topper 1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................................ii

I.    STATEMENT OF THE CASE ..........................................................................................1

II.   STATEMENT OF FACTS ................................................................................................1

III.  STANDARD FOR A MOTION TO DISMISS UNDER Fed..R.Civ.P. 12(b)(6)..............2

IV.   STATUTORY AND REGULATORY SETTING............................................................3

      1.    Statutory Requirements for a Broker Bond
            as a Condition of Registration...............................................................................3

      2.    Regulatory Requirements of a Broker Bond..........................................................3

      3.    Statutory Requirements for Interpleader...............................................................4

V.    SUMMARY OF THE ARGUMENT.................................................................................5

VI.   ARGUMENT.....................................................................................................................5

      A.    A Fixed-Sum Bond Would Not Ensure the Financial
            Responsibility of the Broker...................................................................................5

      B.    A Fixed-Sum Bond Could Not Be In Effect Continuously.....................................5

      C.    A Fixed-Sum Bond Would Subvert the 30-Day Cancellation Rule.........................6

      D.    Broker Bonds Do Not Meet Federal Interpleader Requirements.............................7

VII.  PRAYER FOR RELIEF....................................................................................................7

# TABLE OF AUTHORITIES

CASES

*Gustave-Schmidt v. Chao,* 226 F.Supp.2d 191, 196 (D.D.Cir. 2003)................................................2

*Gray Line Nat. Tours Corp. v. U.S.*, 380 F.Supp. 263, 266 (D.N.Y. 1974)....................................3

*Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C.Cir. 2003)....................................................2

STATUTES

*28 U.S.C. § 1335 (a)........................................................................................................................7

*28 U.S.C. § 1335 (b)........................................................................................................................7

 49 U.S.C. § 13102(2)........................................................................................................................3

*49 U.S.C. § 13906(b)........................................................................................................................3

 49 U.S.C. § 13906(e)........................................................................................................................3


REGULATIONS

*49 C.F.R. § 387.307(a)....................................................................................................................3

*49 C.F.R. § 387.307(b)....................................................................................................................4

*49 C.F.R. § 387.307 (d)(2)..............................................................................................................4

*49 C.F.R. § 387.307 (d)(2)(i)..........................................................................................................4

*49 C.F.R. § 387.307 (d)(2) (ii)........................................................................................................4

## I.    <u>Statement of the Case</u>

Plaintiff RLI Insurance Company issued a broker bond under 49 U.S.C. §13906 to ensure the financial responsibility of the defendant and transportation broker Sam's Transportation, Inc. Count One of RLI's Complaint in Interpleader seeks to have the Court divide a finite sum of $10,000 among the other defendants seeking $161,823.50 in claims.  If every party responded to the Complaint, the amount each claimant would recover would be approximately six cents on the dollar owed.  Such coverage fails to comply with the statutory and regulatory requirements and functions of a broker bond.  Under these requirements, the bond must provide coverage of up to $10,000 per claim, and each claimant is due the full amount of his claim up to $10,000. Therefore, there are no adverse claimants to this bond, the requirements of an Interpleader under §1335 are not met, and Count One of the Complaint in Interpleader should be dismissed for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## II.    <u>Statement of Facts</u>

RLI Insurance Company ('RLI') is an insurance company that sold a surety bond under 49 U.S.C. § 13906 to Sam's Transportation Services, Inc.[1]

Sam's Transportation Services, Inc., ("Sam's") is registered with the Federal Motor Carrier Safety Administration with active broker authority and Motor Carrier number MC269826.[2]

---

[1] Complaint in Interpleader, Document 1, at ¶1

[2] *See* Exhibit 1 at p. 1.  The defendants asks the Court to take judicial notice of the FMCSA Licensing and Insurance database record of Sam's Transportation, printed on June 12, 2008, and found at: http://li-public.fmcsa.dot.gov/LIVIEW/pkg_menu.prc_menu

The "Insurance History" of FMCSA's web page for Sam's indicates that the $10,000 surety bond RLI sold to Sam's Transportation was filed with FMCSA and was in effect from 01/30/2007 to 2/21/2008.[3]

The Defendants All-Star Transportation, Inc., First Trucking, Inc., Gregory Logistics, Inc., J&E Express, Inc., Schibi Transportation, LLC, and Topper 1 are motor carriers each of whom have asserted a claim against the RLI bond for Sam's failure to pay them.[4]

A total of $ 161,823.50 in claims by all Defendants, save for Sam's and Sam's principal Peter Roncali, were listed by RLI in the Complaint.[5]

III.    **Standard for a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of the claims contained within the complaint.  For the purposes of the motion, the Court treats the complaint's factual allegations as true, drawing all reasonable inferences in favor of the plaintiff.[6]  The Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."[7]   In this action, the question is focused on whether a broker bond that meets the requirements of 49 U.S.C. § 13906 and 49 C.F.R. §387.307 may be the subject of a federal Interpleader action under 28 U.S.C. §1335.

---

[3] *Id.* at p. 3

[4] *See* Complaint in Interpleader at ¶¶ 10, 71, 26, 30, 45 & 39

[5] *See* Exhibit 2 - chart totaling all claims listed in Complaint

[6] *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C.Cir. 2003)

[7] *Gustave-Schmidt v. Chao*, 226 F.Supp.2d 191, 196 ( D.D.C.2002) (citation omitted)

2

**IV.**    **Statutory and Regulatory Setting**

**1.**    **Statutory Requirements for a Broker Bond as a Condition of Registration**

A broker is someone other than a motor carrier whose business it is to arrange and sell transportation by motor carriers for compensation.[8]  Congress requires the Secretary of Transportation to register a broker only if the broker has filed a bond, insurance policy, or other type of security approved by the Secretary.[9]  A broker's registration remains in effect only as long as the broker continues to satisfy the security requirements.[10] The Secretary is also required to issue regulations requiring filing of a notice of the cancellation of insurance so that it may "promptly revoke the registration of any...broker after the effective date of cancellation.[11] Congress regulates transportation brokers "to protect carriers and the traveling and the shipping public against dishonest and financially unstable middlemen in the transportation industry."[12]

**2.**    **Regulatory Requirements of a Broker Bond**

Under the implementing regulations, a broker must have a surety bond or trust fund *in effect* for $10,000, and the Secretary will not issue a license to a broker until a surety bond is in effect for the full amount.[13]  The broker's license only remains valid or effective as long as the

---

[8] 49 U.S.C. §13102(2)

[9] 49 U.S.C. §13906(b)

[10] *Id.*

[11] 49 U.S.C. §13906(e)

[12] *Gray Line Nat. Tours Corp. v. U. S.*, 380 F.Supp. 263, 266 (D. N.Y. 1974)(citation omitted)

[13] 49 C.F.R. §387.307(a)

surety bond remains in effect "and shall ensure the financial responsibility of the broker."[14]  "The surety bond...shall ensure the financial responsibility of the broker by providing for payments to shippers or motor carriers if the broker fails to carry out its contracts, agreements or arrangements for the supplying of transportation by authorized motor carriers."[15]

The surety bond "shall specify that coverage thereunder will remain in effect continuously until terminated as herein provided."[16]  Surety bonds may be cancelled 30 days after notice of cancellation is received by FMCSA[17] or at the time a replacement surety bond or trust fund is accepted by FMCSA.[18]  Termination of a bond does not "affect the liability of the surety...for the payment of contracts, agreements or arrangements made by the broker for the supplying of transportation prior to the date such termination becomes effective."[19]

### 3.     Statutory Requirements for Interpleader

The elements necessary to pursue an Interpleader in federal court include: a person who issued a bond obligating the payment of an amount of $500 or more and two or more adverse claimants of diverse citizenship who claim entitlement to one or more of the benefits of the bond.[20]

---

[14] *Id.*

[15] 49 C.F.R. §387.307(b)

[16] 49 C.F.R. §387.307(d)(2)

[17] 49 C.F.R. §387.307(d)(2)(i)

[18] 49 C.F.R. §387.307(d)(2)(ii)

[19] *Id.*

[20] 28 U.S.C. §1335(a) and (a)(1)

4

V.    **Summary of the Argument**

RLI's surety bond must provide coverage of up to $10,000 per claim in order to comply with federal law. RLI's broker bond, therefore, is not a fixed sum of $10,000 subject to two or more adverse claims as required for an Interpleader. Such a bond would fail to ensure the $161,823.50 in claims filed against the bond and fail to provide continuous coverage of $10,000. Count One of the Interpleader must be dismissed for failing to state a claim under which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

VI.    **Argument**

### A. A Fixed-Sum Bond Would Not Ensure the Financial Responsibility of the Broker

RLI's request that its bond be treated as if its coverage were a fixed sum of $10,000 violates the requirement that broker bonds ensure the financial responsibility of the broker. It is clear from the Complaint that if the broker bond covered only a single fixed sum of claims against it, the bond would fail to ensure the financial responsibility of the broker. With $161,823.50 in claims listed in the Complaint, $151,823.50 in claims, or almost 94% of the claims made to RLI would not be covered by a finite $10,000 bond. A fixed-sum bond would clearly not cover a broker's liabilities as required under 49 C.F.R. §§387.303(a) & (b).

### B. A Fixed-Sum Bond Could Not Be In Effect Continuously

A fixed-sum bond would also violate the requirement that the broker bond coverage be in effect continuously until the bond is terminated. Once the first claim on such a bond is made, the amount of coverage it provided would fall below the required $10,000, and shippers and motor carriers would no longer be protected by a bond in continuous effect for $10,000. The broker's

5

registration would then immediately cease to be in effect under 40 U.S.C. §13906(b) and 49 C.F.R. §387.307(a). However, the bond's coverage is required to be in effect and cover the broker's financial responsibilities for thirty days after notice of the bond's cancellation is received by FMCSA under 49 C.F.R. §§387.307(d)(2)(I) & (ii). If a claim were to reduce the bond's coverage, the bond's required coverage would no longer be in effect continuously for the term of the bond, that is until thirty days after notice of cancellation.

### C. A Fixed-Sum Bond Would Subvert the 30-Day Cancellation Rule.

A fixed-sum bond would also transform the 30-day termination rule from one that protects the public into one that protects the surety and unscrupulous brokers. The intent of this rule is to ensure the bond continues to protect motor carriers and shippers for a period of 30 days after FMCSA receives notice of the bond's termination and provides notice of it to the public on its website.[21]

This notice and continuous coverage is especially important because the notice of a bond's cancellation can indicate the possible financial insolvency of the broker. Yet the insolvent broker would be permitted to arrange transportation to unwary motor carriers for 30 days before those carriers have notice of the bond's termination or the broker's insolvency. Under a fixed-sum bond, sureties would experience no additional liabilities under the bond and brokers would face no additional liabilities under the indemnification provisions of a bond agreement for any claims arising between exhaustion of the bond and its effective termination date. A broker bond that is treated as a fixed sum does not provide the coverage required by law

---

[21]The status of brokers' registrations may be reviewed by the public at: FMCSA's Licensing and Insurance database, http://li-public.fmcsa.dot.gov/LIVIEW/pkg_menu.prc_menu

to protect shippers and motor carriers.  RLI's broker bond issued under 49 U.S.C. §13906 and 49 C.F.R. § 387.307 cannot be fixed-sum bond whose amount is drawn down by each claim. Rather, it must provide coverage of up to $10,000 per each claim arising during the term of the bond.

### D.  Broker Bonds Do Not Meet Federal Interpleader Requirements

Federal Interpleader actions required two or more adverse parties of diverse jurisdiction with a claim to one or more of the obligations of a bond with a value of $500 or more.[22]  Implied in the Interpleader statute is that the amount in controversy be a fixed sum that alone does not satisfy the claims of all adverse parties.[23]  Because RLI's broker bond may not be fixed-sum, and each motor carrier defendant's claim is covered up to $10,000, there are not two or more adverse parties with a claim to the same obligation. The requirements for an Interpleader action under §1335 are not met.

### VII.    <u>Prayer for Relief</u>

The Movant Defendants respectfully request the Court dismiss Count One of the Complaint in Interpleader for failing to plead a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

---

[22] 28 U.S.C. § 1335(a)

[23] 28 U.S.C. § 1335(b)

7

Date:  June 13, 2008                    Respectfully submitted,

                                        /s/ Paul D. Cullen, Jr.
                                        Paul D. Cullen, Jr. (D.C. Bar No. 463759)
                                        **The Cullen Law Firm, PLLC**
                                        1101 30th Street NW, Suite 300
                                        Washington, DC 20007
                                        (202) 944-8600
                                        (202) 944-8611
                                        Counsel for Defendants
                                        All-Star Transportation, Inc.
                                        First Trucking, Inc.
                                        Gregory Logistics, Inc.
                                        J & E Express, Inc.
                                        Schibi Transportation, LLC
                                        Topper 1

# EXHIBIT
# 1

# FMCSA Motor Carrier

USDOT Number:
Docket Number:  **MC269826**
Legal Name:  **SAM'S TRANSPORTATION SERVICES, INC.**

DBA (Doing-Business-As) Name

---

## Addresses

Business Address:  **489A PORTER BAYOU ROAD**
 **SHAW, MS 38773**

Business Phone:  **(601) 754-3418**     Business  Fax:
Mail Address:  **P. O. BOX 496**
 **SHAW, MS 38773**

Mail Phone:     Mail  Fax:     Undeliverable Mail:  **NO**

---

## Authorities:

| | | | |
|---|---|---|---|
| Common Authority: | **NONE** | Application Pending: | **NO** |
| Contract Authority: | **NONE** | Application Pending: | **NO** |
| Broker Authority: | **ACTIVE** | Application Pending: | **NO** |
| Property: | **YES** | Passenger: | **NO** | Household Goods:  **NO** |
| Private: | **NO** | Enterprise: | **NO** |

---

## Insurance Requirements:

| | | | |
|---|---|---|---|
| BIPD Exempt: | **NO** | BIPD Waiver:  **NO** | BIPD Required: | **$0** | BIPD on File: | **$0** |
| Cargo Exempt: | **NO** | | Cargo Required | **NO** | Cargo on File: | **NO** |
| BOC-3: | **YES** | | Bond Required: | **YES** | Bond on File: | **YES** |

Blanket Company: **OKLAHOMA TRUCK PLATES & PROCESS AGENTS LLC**

---

Comments:

---

## Active/Pending Insurance:

Form:  **85**     Type:  **TRUST FUND**     Posted Date:  02/22/2008
Policy/Surety Number:  **NONE**     Coverage From:  **$0**  To:  **$10,000** *
Effective Date:  **02/22/2008**     Cancellation Date:

Insurance Carrier  PACIFIC FINANCIAL ASSOCIATION, INC.
Attn:  J. PENNY LARSON, PRESIDENT
Address:  12707 HIGH BLUFF DR. ST. 220
 SAN DIEGO, CA  92130 US
Telephone:  (800) 595 - 2615     Fax:  (623) 209 - 2610

---

## Note:

* If a carrier is in compliance, the amount of coverage will always be shown as the required Federal minimum ($5,000 per vehicle, $10,000 per occurrence for cargo insurance and $10,000 for bond/trust fund).
  The carrier may actually have higher levels of coverage.

---

# FMCSA Motor Carrier



USDOT Number:
Docket Number:   **MC269826**
Legal Name:      **SAM'S TRANSPORTATION SERVICES, INC.**

DBA (Doing-Business-As) Name

---

**Rejected Insurances:**

Form:   **36**              Type:  **SURETY**
Policy/Surety Number:  **RSB0634021**       Coverage From:              **$0**   To:        **$10,000** *
Received:    **01/22/2008**                     Rejected: **01/22/2008**
Rejected Reason:  **Other (See comments).**

Insurance Carrier   RLI INSURANCE COMPANY
        Attn:   RENEE VESPA, CLAIM DEPT.
     Address:   9025 NORTH LINDBERGH DRIVE

                PEORIA, IL  61615 US
    Telephone:  (877) 623 - 3795       Fax:  (866) 551 - 4016

---

* If a carrier is in compliance, the amount of coverage will always be shown as the required Federal minimum ($5,000 per vehicle, $10,000 per occurrence for cargo insurance and $10,000 for bond/trust fund).  The carrier may actually have higher levels of coverage.

# FMCSA Motor Carrier



USDOT Number:
Docket Number:   **MC269826**
Legal Name:      **SAM'S TRANSPORTATION SERVICES, INC.**

DBA (Doing-Business-As) Name

---

**Insurance History:**

| Form: **91X** | Type: **BIPD/Primary** | | |
|---|---|---|---|
| Policy/Surety Number: **LX3459** | Coverage From | **$0** To: | **$10,000,000** |
| Effective Date From: **12/26/2006** | To: **02/05/2007** | Disposition: **Cancelled** | |

Insurance Carrier   TRAVELERS CASUALTY & SURETY CO. OF AMERICA
Attn:   BRENDA MANTEI
Address:   ONE TOWER SQUARE-5GS
HARTFORD,, CT 06183 US
Telephone: (860) 277 - 2682   Fax: (860) 277 - 3674

| Form: **84** | Type: **SURETY** | | |
|---|---|---|---|
| Policy/Surety Number: **LX3459** | Coverage From | **$0** To: | **$10,000** * |
| Effective Date From: **12/26/2006** | To: **01/30/2007** | Disposition: **Replaced** | |

Insurance Carrier   TRAVELERS CASUALTY & SURETY CO. OF AMERICA
Attn:   BRENDA MANTEI
Address:   ONE TOWER SQUARE-5GS
HARTFORD,, CT 06183 US
Telephone: (860) 277 - 2682   Fax: (860) 277 - 3674

| Form: **84** | Type: **SURETY** | | |
|---|---|---|---|
| Policy/Surety Number: **RSB0634021** | Coverage From | **$0** To: | **$10,000** * |
| Effective Date From: **01/30/2007** | To: **02/21/2008** | Disposition: **Cancelled** | |

Insurance Carrier   RLI INSURANCE COMPANY
Attn:   RENEE VESPA, CLAIM DEPT.
Address:   9025 NORTH LINDBERGH DRIVE
PEORIA, IL 61615 US
Telephone: (877) 623 - 3795   Fax: (866) 551 - 4016

| Form: **84** | Type: **SURETY** | | |
|---|---|---|---|
| Policy/Surety Number: **LX 3459** | Coverage From | **$0** To: | **$10,000** * |
| Effective Date From: **09/07/2005** | To: **12/26/2006** | Disposition: **Cancelled** | |

Insurance Carrier   TRAVELERS CASUALTY & SURETY CO. OF AMERICA
Attn:   BRENDA MANTEI
Address:   ONE TOWER SQUARE-5GS
HARTFORD,, CT 06183 US
Telephone: (860) 277 - 2682   Fax: (860) 277 - 3674

---

# FMCSA Motor Carrier



USDOT Number:
Docket Number:  **MC269826**
Legal Name:  **SAM'S TRANSPORTATION SERVICES, INC.**

DBA (Doing-Business-As) Name

---

**Insurance History:**

| | | | | |
|---|---|---|---|---|
| Form: **84** | Type: **SURETY** | | | |
| Policy/Surety Number: **32-0130-13792-93-0** | Coverage From | **$0** | To: | **$10,000** * |
| Effective Date From: **09/07/1993** | To: **09/07/2005** | Disposition: **Replaced** | | |

| | |
|---|---|
| Insurance Carrier | UNITED STATES FIDELITY & GUARANTY CO. |
| Attn: | JADWIGA LISZEWSKI,ST.PAULTRAVELERS-SPECIALTY |
| Address: | ONE TOWER SQUARE, CL PMU-AUTO-6GS |
| | HARTFORD, CT  06183 US |
| Telephone: | (860) 954 - 5523    Fax:  (860) 954 - 5281 |

---

* If a carrier is in compliance, the amount of coverage will always be shown as the required Federal minimum ($5,000 per vehicle, $10,000 per occurrence for cargo insurance and $10,000 for bond/trust fund).  The carrier may actually have higher levels of coverage.

* If a carrier is in compliance, the amount of coverage will always be shown as the required Federal minimum ($5,000 per vehicle, $10,000 per occurrence for cargo insurance and $10,000 for bond/trust fund).  The carrier may actually have higher levels of coverage.

---

**Authority History:**

| Sub No. | Authority Type | Original Action | | Disposition Action | |
|---|---|---|---|---|---|
| | BROKER | | | | |
| | | REINSTATED | 01/22/2007 | | |
| 0 | BROKER | | | | |
| | | GRANTED | 01/19/1994 | REVOKED | 01/02/2007 |

---

**Pending Application:**

| Authority Type | Filed | Status | Insurance | BOC-3 |
|---|---|---|---|---|
| | | | | |

---

**Revocation History:**

| Authority Type | 1st Serve Date | 2nd Serve Date | Reason |
|---|---|---|---|
| BROKER | 11/29/2006 | 01/02/2007 | INVOLUNTARY REVOCATION |

---

# EXHIBIT
# 2

**Total of All Claims Listed in Complaint In Interpleader filed on 4-23-08**
**Case No. 1:08-cv-00695**

| Company's Name | Claims |
|---|---|
| All-Start Transportation Inc. | 2,900.00 |
| Alterndorf Express | 1,000.00 |
| American Transport, Inc. | 1,200.00 |
| Apex Capital LP | 941.00 |
| Avalon Express, Inc. | 1,300.00 |
| CBR Transport, Inc. c/o Sunbelt Finance, L.L.C. | 16,585.00 |
| Central Carriers, Inc. | 1,200.00 |
| CFC Transportation, Inc. c/o First Advantage Transportation Services | 1,460.00 |
| Chicagotrans Enterprises, Inc. | 1,075.00 |
| CTC Trucking, Inc. | 2,750.00 |
| DLK Trucking, Inc. | 7,800.00 |
| Deeco Transportation | 800.00 |
| Direct Transport, Ltd. | 1,500.00 |
| DTI Logistics, Inc. | 1,250.00 |
| Eagle Expeditors, Inc. | 26,400.00 |
| Equity Transportation Company, Inc. | 500.00 |
| Gregory Logistics, Inc. | 1,000.00 |
| H&V Leasing, Inc. | 800.00 |
| Haul-Line, Inc. | 800.00 |
| c/o First Advantage Transportation Services | 900.00 |
| J&E Express, Inc. c/o TransCredit, Inc. | 5,600.00 |
| Wiest Truck Line, Inc. | 800.00 |
| John R. Reed, Inc. | 1,250.00 |
| J&E Trucking, Inc. c/o Sunbelt Finance, L.L.C. | 1,780.00 |
| K.A.T. Logistics, Inc. | 1,400.00 |
| M&B Trucking Express Corp. | 3,200.00 |
| Marvin Keller Trucking c/o TransCredit, Inc. | 1,550.00 |
| Mid South Transport, Inc. | 1,500.00 |
| Northstar Transportation Solutions L.L.C. c/o First Advantage Transportation Services | 1,450.00 |
| Topper1 c/o OOIDA, Inc. | 1,025.00 |
| Perimeter Transportation Company, L.L.C. | 1,150.00 |
| R&B Trucking of Tupelo, Inc. | 1,350.00 |
| R.T. Peterson Trucking, L.L.P. | 900.00 |
| Rivers Trucking, Inc. | 1,397.50 |
| Safeway Express, L.L.C. c/o Sunbelt Finance, L.L.C. | 3,500.00 |
| Schibi Transportation, L.L.C. | 1,400.00 |

**Total of All Claims Listed in Complaint In Interpleader filed on 4-23-08**
**Case No. 1:08-cv-00695**

| Company's Name | Claims |
|---|---|
| Simple Solution Inc. c/o Eagle Capital Corporation | 500.00 |
| Southwest Logistics, Inc. | 500.00 |
| Tennessee Steel Haulers, Inc. | 1,900.00 |
| Total Transportation of Mississippi | 2,225.00 |
| Trade Winds Transit, Inc. | 350.00 |
| Universal Am-Can Ltd. | 4,100.00 |
| Western Express, Inc. c/o Roland M. Lowell, Esq. | 1,200.00 |
| Western Freightways c/o Weiss Spencer & Levin | 2,100.00 |
| Wild West Transportation, Inc. c/o Eagle Capital Corporation | 1,600.00 |
| Williams Trucking c/o Eagle Capital Corporation | 1,435.00 |
| Landtrop Express, Inc. c/o TranCentral Financial, Inc. | 1,500.00 |
| Pacer Transport | 675.00 |
| Hofmann Trucking L.L.C. | 4,150.00 |
| W.C. Cooper Trucking | 1,750.00 |
| J.M. Express, Inc. | 750.00 |
| HMD Trucking, Inc. | 2,125.00 |
| Charles Evans Trucking | 1,300.00 |
| Goolsby Trucking Co., Inc. | 3,500.00 |
| Black Thunderbird Trucking | 1,300.00 |
| Long Haul Delivery Service | 2,000.00 |
| Dedicated Transportation, L.L.C. | 1,000.00 |
| Abbott Freight, Inc. | 1,750.00 |
| Big M. Transportation, Inc. | 2,900.00 |
| ADS Trucking, Inc. | 2,000.00 |
| Landforce Express Corp. | 2,650.00 |
| First Trucking, Inc. | 1,400.00 |
| Century Carriers Inc. | 1,300.00 |
| McGriff Transportation, Inc. | 2,750.00 |
| Dango Express, Inc. | 6,600.00 |
| Special Delivery Xpress, Inc. | 1,300.00 |
| D&S Haulers, LLC | 800.00 |
| Dedicated Transportation, L.L.C. | 1,000.00 |
| **TOTAL OF ALL CLAIMS LISTED IN COMPLAINT IN INTERPLEADER FILED ON 4/23/08; CASE NO. 1:08-cv-00695 (JR)** | **161,823.50** |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RLI INSURANCE COMPANY,            )
                                  )
                                  )
        Plaintiff,                )
                                  )        Civil Action No. 1:08-cv-00695(JR)
        v.                        )
                                  )
                                  )
SAM'S TRANSP. SERVICES, INC., *et al.*,  )
                                  )
        Defendants.               )
_____)

**<u>ORDER</u>**

Upon consideration of the Motion to Dismiss Count One of the Complaint in Interpleader

by All-Star Transportation, Inc., First Trucking, Inc., Gregory Logistics, Inc., J&E Express, Inc.,

Schibi Transportation, LLC, and Topper 1 ('Motion to Dismiss"), Memorandum of Points and

Authorities in Support thereof, and the accompanying exhibits, it is this _____ day of

_____, 2008, ORDERED:

    1. That the Motion to Dismiss Count One is GRANTED;

    2. That Count One of the Complaint in Interpleader is DISMISSED in its entirety WITH

PREJUDICE; and

    3. That the Clerk of the Court shall notify all counsel of record of this Order.


                                  _____
                                  James Robertson
                                  United Stated District Court Judge