UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RLI INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:08-cv-00695 (JR) |
| | ) |
| SAMS TRANSP. SERVICES, INC., *ET AL.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF, RLI INSURANCE COMPANY'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS COUNT ONE
OF THE COMPLAINT IN INTERPLEADER**

Plaintiff, RLI Insurance Company (RLI), by and through its undersigned counsel, and in Opposition to the Motion to Dismiss filed by Defendants All-Star Transportation, Inc.; First Trucking, Inc.; Gregory Logistics, Inc.; J&E Express, Inc.; Schibi Transportation, L.L.C.; and Topper 1, states as follows:

### I. Statement of Facts

RLI Insurance Company issued a Property Broker's Surety Bond No. (the Bond) on behalf of defendant, Sams Transportation Services, Inc.(Sams), as principal, pursuant to 49 U.S.C. § 13906. As required by that statute, the Bond was issued on behalf of Sams for the benefit of any and all motor carriers or shippers to whom Sams may be legally liable for the damages described in the Bond. Also as prescribed by statute, the Bond was issued in the penal sum of $10,000.

RLI received multiple adverse claims in excess of the penal sum of the Bond. RLI subsequently filed this action seeking relief in statutory interpleader pursuant to 28 U.S.C. §1335

and exoneration under the Bond. RLI served process upon the defendants, and Sams and certain Bond claimants answered the Complaint.

## II. Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *Republican Party v. Martin*, 908 F.2d 943, 952 (4th Cir. 1992). In reviewing a motion to dismiss under that rule, the Court must determine whether the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, - U.S. -, 127 S. Ct. 1955, 1974 (2007). Stated differently, plaintiff's factual allegations must be sufficient to "nudge[] their claim across the line from conceivable to plausible." Id. In making this determination, the Court must accept as true all factual allegations of the complaint and all reasonable inferences that can be drawn from those facts and view them in the light most favorable to the non-moving party. *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Circ. 1989).

## III. Argument

### A.   The Bond fully satisfies the statutory requirements.

Congress exercised its legitimate legislative authority in passing the Interstate Commerce Act, 49 U.S.C. § 13906 *et seq*. Likewise, the Federal Motor Carrier Safety Administration (FMCSA) exercised its legitimate executive authority in promulgating the related regulations in 49 C.F.R. § 387.307 *et seq*. Sams is a broker under 49 U.S.C. § 13906(b). The form of a broker surety bond is determined by statute, not by the surety that issues the bond. 49 C.F.R. § 387.307(d)(1). Consistent with its obligations under federal requirements, Sams obtained its Bond in the penal sum of $10,000, the amount a property broker must provide in the form of

either a surety bond or a trust fund. 49 C.F.R. § 387.307(a). A property broker surety bond must be filed using the FMCSA's prescribed Form BMC 84. A true and accurate copy of Form BMC84 is attached hereto as Exhibit A. The liability of the surety under the Bond is as follows:

> The liability of the Surety shall not be discharged by any payment or succession of payments hereunder, unless and until such payment or payments shall amount in the aggregate to the penalty of the bond, but in no event shall the Surety's obligation hereunder exceed the amount of said penalty. Exhibit A ¶ 5.

It is well established that the penal sum of a bond represents the surety's maximum liability. In *Hamm v. Canal Insurance Company*, the U.S. District Court examined the South Carolina statute requiring a motor carrier to file a bond, insurance policy, or other type of security sufficient to pay not more than the amount of the security for each final judgment. 10 F.Supp.2d 539 (M.D.N.C. 1998), *aff'd*, 178 F.3d 1283 (4th Cir. 1999). The District Court decided, and the Fourth Circuit affirmed, that

> The clear meaning of this statement is that whatever amount is to be paid will not exceed the amount of the security which has been established by the statute or by the policy itself. This would mean that if the actual amount of the security is the minimum required by the statute, then the limit of potential liability for an insurer would be [that minimum amount]. 10 F.Supp. at 540.

Further, the court held that the statute does not require the payment of at least the minimum statutory security for each final judgment. *Id.* This holding applies equally to the Bond in the present matter, though issued under 49 U.S.C. § 13906(b), because precisely the same concerns are involved.

Similarly, in *North River Insurance Company v. Claar, et al.*, the insurer brought an action for declaratory judgment to determine the amount of its liability under its motor vehicle and wholesale surety bond. Like the present case, the *North River* defendants sought to recover

the penal sum of the statutorily mandated motor vehicle and wholesale surety bond for each claimant. The *North River* court observed: "The general rule is well settled that the liability of surety is limited to the amount, or the penal sum, stated in the bond." *North River* at 13. The court continued:

> The object of a penalty in a bond is to limit the obligation of the signers, and in the absence of a condition extending his liability a surety cannot be held liable for more than the penal sum named. Also, the liability of a surety on a statutory bond cannot be enlarged by implication beyond its terms and its statutory office. *Id., citing* 11 C.J.S., Bonds, Section 57, 43.

The court likewise cited with approval the holding in *Mitchell v. Laurens,* involving an action on the official bond of a master in chancery, establishing that where several creditors could recover the amount of the penalty of the bond, if the damages and judgments in their suits exceeded the penalty, the creditors must take ratably. *North River* at 13, citing *Mitchell v. Laurens*, 7 Rich. 109, 41 S.C.L. 109 (S.C.App.L. 1854).

It is well established by both the statutory language and case law that claimants on a bond may not recover beyond the penal sum of the bond. Defendants cite no law and no legislative intent to the contrary in support of their theory of expansive recovery, precisely because there is none.

**B.     The facts fully satisfy the statutory requirements for federal interpleader.**

Defendants' claim that broker bonds do not meet federal interpleader is likewise unsupported by statute or law. Interpleader affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding. 11 Federal Practice and Procedure§ 1702, pp. 540-41. The primary test for determining the propriety of

4

interpleading adverse claimants and discharging the stakeholder is whether the stakeholder legitimately fears the vexation of defending multiple claims directed against a single fund. *American Family Mut. Ins. Co. v. Roche*, 830 F.Supp. 1241, 1245 (D.C. Wis. 1993). The stake may consist of money or property, a note, bond, certificate, policy of insurance, or other instrument of value, or any written or unwritten obligation. 28 U.S.C.A. § 1335. The requirement of two or more claimants adverse to each other is likewise established by statute. *Id.*

Interpleader may be used whenever a limited fund is involved that could not fully satisfy all the claims being asserted, as made clear by the Supreme Court decision in *State Farm Fire & Casualty Co. v. Tashire.* 87 S.Ct. 1199, 386 U.S. 523 (1967). In that case, the Supreme Court held that interpleader is appropriate where casualty insurers face tort claims that exceed their limited liability under the policy. The Court explained:

> Were an insurance company required to await reduction of claims to judgment, the first claimant to obtain such a judgment or to negotiate a settlement might appropriate all or a disproportionate slice of the fund before his fellow claimants were able to establish their claims. The difficulties such a race to judgment pose for the insurer, and the unfairness which may result to some claimants, were among the principal evils the interpleader device was intended to remedy. 87 S.Ct. at 1205, 386 U.S. at 533.

In the present case, all the requirements for interpleader are met. The Bond is the stake. As Defendants acknowledge, almost 70 claimants to date have asserted claims against the Bond totaling $161,823.50. Their claims, assuming they are valid, will exhaust the $10,000 penal sum of the Bond. There is no basis for Defendants' assertion that interpleader is unavailable to resolve this matter.

    C.    **Request for Attorneys' Fees and Costs.**

RLI's counsel contacted opposing counsel to discuss the Motion to Dismiss. RLI's

counsel likewise sent copies of case law supporting the availability of interpleader and supporting the general rule regarding the limit of the surety's liability, along with the request that Defendants withdraw their Motion to Dismiss. Because Defendants cite no case law and proffer no grounds in support of their theory of recovery, RLI seeks reimbursement of its attorneys' fees and costs associated with its Opposition.

### III. Conclusion

For the foregoing reasons, the Motion to Dismiss submitted by Defendants All-Star Transportation, Inc.; First Trucking, Inc; Gregory Logistics, Inc.; J&E Express, Inc.; Schibi Transportation, L.L.C.; and Topper 1 should be denied.

Respectfully submitted:

RLI INSURANCE COMPANY,
By its attorneys:

/s/ Valerie Elizabeth Powell
_____
Eric R. Stanco
(D.C. Bar No. 456896)
Valerie Elizabeth Powell
(D.C. Bar No. 474117)
STANCO & ASSOCIATES
126 C Street, N.W.
Washington, D.C. 20001
(202) 331-8822
(202) 331-9705 (facsimile)
erstanco@suretylaw.com
vepowell@suretylaw.com

## CERTIFICATE OF SERVICE

I, Valerie Elizabeth Powell, do hereby certify that a true copy of the foregoing Opposition to Defendants' Motion to Dismiss and proposed Order were served electronically through this Court's electronic filing system upon counsel listed below who have entered an appearance in this action, and by U.S. Postal Service to the other parties listed in the Complaint.

/s/ Valerie Elizabeth Powell
_____

Parties served electronically:

Paul D. Cullen, Jr.
The Cullen Law Firm, PLLC
1101 30th Street N.W., Suite 300
Washington, D.C. 20007
pxc@cullenlaw.com

Parties served by U.S. mail, postage prepaid:

Sam's Transportation Service, Inc.
a/t/a Sams Transportation Service, Inc.
3868 Highway 61 North
Cleveland, MS 38732

Peter Roncali
489 Parker Bayou Road
Shaw, MS 38773

Charles Evans Trucking, Inc.
P.O. Box 306
Wiggins, MS 39577

Marvin Keller Trucking
c/o/ TransCredit, Inc.
9485 Regency Square Blvd., Suite 102
Jacksonville, FL 32225

To the best knowledge of counsel for RLI Insurance Company, the other defendants in this matter have failed to enter an appearance.

# EXHIBIT A

06/27/2008 18:22 IFAX ERSTANCO@SURETYLAW.COM → ELIZABETH ☐002/003
04/21/2008 06:13 2356423638 STANCO & ROBINSON, L PAGE 02/04
03/27/2008 00:17 FAX 202 632 95 BMC-2 ASSOCIATES ☐002/008

Case 1:08-cv-00695-JR   Document 23-2   Filed 06/27/2008   Page 2 of 3

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. It is estimated that an average of 10 minutes per response is required to complete this collection of information. This estimate includes time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Comments concerning the accuracy of this burden estimate or suggestions for reducing this burden should be directed to the Federal Highway Administration, 400 7th St., SW, Washington, DC 20590.

B.M.C. 84
(10/95)

Approved by OMB
2125-0570

FILER FHWA
ACCOUNT NO. __8895__

License No.
MC_____

## PROPERTY BROKER'S SURETY BOND UNDER 49 U.S.C. 13906

KNOW ALL MEN BY THESE PRESENTS, That we_____
(Name of Property Broker)

of_____
(Street)                                    (City)              (State)     (Zip code)

as PRINCIPAL (hereinafter called Principal), and __RLI Insurance Company__
(Name of Surety)

a corporation, or a Risk Retention Group established under the Liability Risk Retention Act of 1986, Pub. L. 99-563, created and existing under the laws of the State of __Illinois_____(hereinafter called Surety) are held and
(State or District of Columbia)

firmly bound unto the United States of America in the sum of $10,000, for which payment, well and truly to be made, we bind ourselves and our heirs, executors, administrators, successors, and assigns, jointly and severally, firmly by these presents.

WHEREAS, the Principal is or intends to become a Broker pursuant to the provisions of Title 49 U.S.C. 13904, and the rules and regulations of the Federal Highway Administration relating to insurance or other security for the protection of motor carriers and shippers, and has elected to file with the Federal Highway Administration such a bond as will ensure financial responsibility and the supplying of transportation subject to the ICC Termination Act of 1995 in accordance with contracts, agreements, or arrangements therefore, and

WHEREAS, this bond is written to assure compliance by the Principal as a licensed Property Broker of Transportation by motor vehicle with 49 U.S.C. 13906(b), and the rules and regulations of the Federal Highway Administration, relating to insurance or other security for the protection of motor carriers and shippers, and shall inure to the benefit of any and all motor carriers or shippers to whom the Principal may be legally liable for any of the damages herein described.

NOW, THEREFORE, the condition of this obligation is such that if the Principal shall pay or cause to be paid to motor carriers or shippers by motor vehicle any sum or sums for which the Principal may be held legally liable by reason of the Principal's failure faithfully to perform, fulfill, and carry out all contracts, agreements, and arrangements made by the Principal while this bond is in effect for the supplying of transportation subject to the ICC Termination Act of 1995 under license issued to the Principal by the Federal Highway Administration, then this obligation shall be void, otherwise to remain in full force and effect.

The liability of the Surety shall not be discharged by any payment or succession of payments hereunder, unless and until such payment or payments shall amount in the aggregate to the penalty of the bond, but in no event shall the Surety's obligation hereunder exceed the amount of said penalty. The Surety agrees to furnish written notice to the Federal Highway Administration forthwith of all suits filed, judgements rendered, and payments made by said Surety under this bond.

This bond is effective the_____day of_____, 12:01 a.m., standard time at the address of the Principal as stated herein and shall continue in force until terminated as hereinafter provided. The Principal or the Surety may at any time cancel this bond by written notice to the Federal Highway Administration at its office in Washington, DC, such cancellation to become effective thirty (30) days after actual receipt of said notice by the FHWA on the prescribed Form BMC-36, Notice of Cancellation Motor Carrier and Broker Surety Bond. The Surety shall not be liable hereunder for the payment of any damages hereinbefore described which arise as the result of any contracts, agreements, undertakings, or arrangements made by the Principal for the supplying of transportation after the termination of this bond as herein provided, but such termination shall not affect the liability of the Surety hereunder for the payment of any such damages arising as the result of contracts, agreements, or arrangements made by the Principal for the supplying of transportation prior to the date such termination becomes effective.

The receipt of this filing by the FHWA certifies that a Broker Surety Bond has been issued by the company identified above, and that such company is qualified to make this filing under Section 387.315 of Title 49 of the Code of Federal Regulations.

UNIFORM INFORMATION SERVICES, INC. MC 16014 (10-95)


Exhibit A

06/27/2008 18:22 IFAX ERSTANCO@SURETYLAW.COM → ELIZABETH ☒003/003
04/21/2008 06:13 2395429530 STANCO & RUBINSON, L PAGE 03/04
03/27/2008 06:16 FAX 202 331 05 STANCO & ASSOCIATES ☒003/008

Case 1:08-cv-00695-JR   Document 23-2   Filed 06/27/2008   Page 3 of 3

Falsification of this document can result in criminal penalties prescribed under 18 U.S.C. 1001.

IN WITNESS WHEREOF, the said Principal and Surety have executed this instrument on the _____ day of _____, _____.

PRINCIPAL

Name _____

By _____
     (Signature and Title)

Witness _____

SURETY

Name   RLI Insurance Company   [SEAL]

By _____
     (Signature and Title)
Diane G. Kemmerer, Attorney-in-Fact

Witness _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RLI INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAMS TRANSP. SERVICES, INC., *ET AL.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 1:08-cv-00695 (JR) |

### ORDER

Upon consideration of the Motion to Dismiss of Defendants, All-Star Transportation, Inc.; First Trucking, Inc.; Gregory Logistics, Inc.; J&E Express, Inc.; Schibi Transportation, L.L.C.; and Topper 1; and Plaintiff RLI Insurance Company's Opposition thereto, it is by the Court this _____ day of _____, 2008,

ORDERED, that the Motion be, and the same hereby is, denied, and it is

FURTHER ORDERED, that Plaintiff RLI Insurance Company be awarded its attorneys' fees and costs incurred in connection with opposing Defendants' Motion to Dismiss.

_____
United States District Court for
the District of Columbia