UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RLI INSURANCE COMPANY,          ) | |
| ) | |
| ) | |
| Plaintiff,                      ) | |
| )                                  | Civil Action No. 1:08-cv-00695(JR) |
| v.                              ) | |
| ) | |
| ) | |
| SAM'S TRANSP. SERVICES, INC., *et al.*, ) | |
| ) | |
| Defendants.                     ) | |
| _____) | |

**OPPOSITION OF ALL-STAR TRANSPORTATION, INC., AND OTHER DEFENDANTS TO MOTION TO DISMISS WITHOUT PREJUDICE BY SAM'S TRANSPORTATION SERVICES, INC.**

Defendants All-Star Transportation, Inc., First Trucking, Gregory Logistics, Inc., J&E Express, Inc., Schibi Transportation, LLC, and Topper 1 respond to the letter by Sam's Transportation Services, Inc., ("Sam's") to the Court dated May 27, 2008. Sam's letter (Document 19) was docketed by the Court on June 16, 2008, separately as both an Answer and a Motion to Dismiss Without Prejudice. Sam's denies liability on two bases: first it disputes the other Defendants' claims as listed in the Complaint, and second, it states that because it "posted in cash a $10,000 bond" that it is not indebted to either RLI or the Defendants.

Sam's letter does not meet the requirements for a motion to dismiss. Assuming this letter is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), such a motion challenges the legal adequacy of the claims contained within the complaint. In addressing a motion to dismiss, the Court treats the complaint's factual allegations as true, drawing all reasonable

inferences in favor of the plaintiff.[1]  The Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."[2]  Sam's assertion that certain "plaintiffs" (these Defendants believe Sam's intended to refer to the other Defendants) listed in the complaint have been paid is an affirmative defense and raises a factual issue that cannot be resolved in ruling on a motion to dismiss.  These Defendants object to the admission of an unsigned and unsworn document into evidence and cannot know what it means without discovery.

To the extent that Sam's letter can be interpreted as a challenge to RLI's rights to indemnification, it presents a mixed question of law and fact.  The letter states that Sam's has "posted in cash a $10,000 bond as required by law."  Whether or not Sam's has done anything is a factual issue that cannot be resolved through a ruling on a motion to dismiss.  Whether or not the payment of $10,000 for a bond would extinguish RLI's right to indemnification in its contract with RLI (Count Two of the Complaint) or under common law (Count Three of the Complaint) is not a matter of concern to these Defendants, and therefore, they take no position on this issue.

But to the extent that Sam's argues that the law requires it to have "posted in cash a $10,000 bond," and that by doing so it has no further indebtedness to RLI or the Defendants, Sam's makes an incorrect and unsupported statement of the law.  The law provides that Sam's must have a surety bond or trust "in effect" for $10,000.[3]  The rules do not require Sam's to have

---

[1] *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C.Cir. 2003)

[2] *Gustave-Schmidt v. Chao*, 226 F.Supp.2d 191, 196 ( D.D.C.2002) (citation omitted)

[3] 49 C.F.R. §387.307(a)

"posted in cash" any amount for a bond and do not otherwise prescribe what consideration a broker must provide for such a bond. Nor does the law provide that by obtaining a bond Sam's is relieved of its contractual indebtedness to either RLI or claimants such as these Defendants. The purpose of the bond is to protect the financial interest of shippers and motor carriers, such as the Defendants, in the event of a default in payment by Sam's.[4] Sam's is flatly misinformed and incorrect to believe that posting a bond operates to excuse Sam's from its liabilities to claimants.

Finally, to the extent that Sam's statement perpetuates RLI's position that the coverage of the bond is limited to an aggregate of $10,000 in claims, as opposed to $10,000 per claim, it is also an incorrect statement of the law. These Defendants' have argued extensively in their own Motion to Dismiss (Document 17) that the law requires a bond that covers each claim up to $10,000 (the Defendants' reply brief to that motion will be filed on Thursday, July 10, 2008). Sam's cites to no authority that its or RLI's liability, under the bond or otherwise, is limited to a single $10,000, and the Defendants know of none.

In conclusion, to the extent Sam's letter argues the facts of this action, the motion to dismiss should be denied. To the extent that San's letter contains a motion to dismiss RLI's Counts Two and Three related to RLI's indemnification rights against Sam's, the Defendants take no position. Finally, Sam's statement that it "posted in cash a $10,000 bond" and the effect of that action to protect itself or RLI from further indebtedness or to limit the potential recovery of Defendants is incorrect under the law.

---

[4] 49 C.F.R. § 387.307(b)

A proposed order denying Sam's motion to dismiss with prejudice accompanies this opposition.

Date:  July 7, 2008 Respectfully submitted,

/s/ Paul D. Cullen, Jr.
Paul D. Cullen, Jr. (D.C. Bar No. 463759)
**The Cullen Law Firm, PLLC**
1101 30th Street NW, Suite 300
Washington, DC 20007
(202) 944-8600
(202) 944-8611
Counsel for Defendants
All-Star Transportation, Inc.
First Trucking,
Gregory Logistics, Inc.
J & E Express, Inc.
Schibi Transportation, LLC
Topper 1

CERTIFICATE OF SERVICE

I certify that on July 7, 2008, I served:

- Opposition of All-Star Transportation, Inc., and Other Defendants to Motion to Dismiss Without Prejudice by Sam's Transportation Service, Inc.; and
- Proposed Order

electronically by the court's CM/ECF system or by U.S. Postal Service as indicated below to the counsel and parties in this action.

                /s/ Paul D. Cullen, Jr.
                Paul D. Cullen, Jr. (D.C. Bar No.: 463759)

**Counsel Served Electronically:**

Eric R. Stanco, Esquire
Valerie Elizabeth Powell, Esquire
Stanco & Associates
126 C Street, N.W.
Washington, DC 20001
VEPOWELL@SURETYLAW.COM
Counsel to RLI Insurance Company

**Parties Served by U.S. Postal Service:**

Sam's Transportation Services, Inc.
a/t/a Sams Transportation, Services, Inc.
3868 Highway 61 North
Cleveland, MS 38732-8726

Peter Roncali
489 Parker Bayou Road
Shaw, MS 38773

Marvin Keller Trucking
c/o TransCredit, Inc.
9485 Regency Square Blvd., Suite 102
Jacksonville, FL 32225

Charles Evans Trucking
P.O. Box 306
Wiggins, MS 39577

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RLI INSURANCE COMPANY,  )<br>)<br>)<br>Plaintiff,  )<br>)  Civil Action No. 1:08-cv-00695(JR)<br>v.  )<br>)<br>)<br>SAM'S TRANSP. SERVICES, INC., *et al.*,  )<br>)<br>Defendants.  )<br>_____) | |

## **ORDER**

Upon consideration of the Motion to Dismiss Without Prejudice by Sam's Transportation Service, Inc., and Opposition of All-Star Transportation, Inc., and Other Defendants to Motion to Dismiss Without Prejudice by Sam's Transportation Services, Inc., thereto, it is this _____ day of _____, 2008, ORDERED:

1. That the Motion to Dismiss be DENIED.

2. That the Clerk of the Court shall notify all counsel of record of this Order.

_____
James Robertson
United Stated District Court Judge