UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RLI INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-cv-00695 (JR) |
| ) | |
| SAMS TRANSP. SERVICES, INC., *ET AL.*, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF, RLI INSURANCE COMPANY'S OPPOSITION TO DEFENDANT SAM'S TRANSPORTATION SERVICES, INC. S' MOTION TO DISMISS COMPLAINT IN INTERPLEADER

Plaintiff, RLI Insurance Company, by and through its undersigned counsel, and in Opposition to the Motion to Dismiss filed by Defendant, Sam's Transportation Services, Inc., states as follows:

### I. Statement of Facts

RLI Insurance Company (RLI) issued a Property Broker's Surety Bond No. (the Bond) on behalf of defendant, Sams Transportation Services, Inc.(Sam's), as principal, pursuant to 49 U.S.C. § 13906. As required by that statute, the Bond was issued on behalf of Sams for the benefit of any and all motor carriers or shippers to whom Sams may be legally liable for the damages described in the Bond. Also as prescribed by statute, the Bond was issued in the penal sum of $10,000.

RLI subsequently received multiple adverse claims in excess of the penal sum of the Bond. On April 23, 2008, RLI filed this action seeking relief in statutory interpleader pursuant to

28 U.S.C. §1335 and exoneration under the Bond. RLI served process upon the defendants, and Sams and certain Bond claimants answered the Complaint.

On May 27, 2008, Peter Roncali submitted a letter on behalf of Sam's (May 27, 2008 Letter) to this Court in which he disputed the debts as listed in this action and asserted that Sam's posted "in cash" a $10,000.00 bond, that RLI has "laid claimed to this bond and the interest on this Bond," and alleging that Sam's has no further indebtedness to RLI or to any plaintiffs listed in this action."

On June 16, 2008, this Court granted Sam's leave to file its May 27, 2008 Letter as a Motion to Dismiss.

## II. Argument

A.  **Standard of Review.**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *Republican Party v. Martin*, 908 F.2d 943, 952 (4th Cir. 1992). In reviewing a motion to dismiss under that rule, the Court must determine whether the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1974 (2007). Stated differently, plaintiff's factual allegations must be sufficient to "nudge[] their claim across the line from conceivable to plausible." *Id.* In making this determination, the Court must accept as true all factual allegations of the complaint and all reasonable inferences that can be drawn from those facts and view them in the light most favorable to the non-moving party. *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Circ. 1989).

Although it is not entirely clear from the May 27, 2008 Letter, it appears that Sam's seeks dismissal of the Complaint on the grounds that it has no further indebtedness to RLI or that some of the debts listed in the Complaint are inaccurately described. Neither of these assertions, even if true, constitute sufficient grounds to warrant dismissal of the Complaint. Indeed, Sam's motion actually underscores the need for the relief in interpleader sought by RLI in this action. Moreover, even if Sam's position were well grounded it merely raises factual issues that could not be resolved by a motion to dismiss.

**B.     This Motion Is Not Properly Before The Court.**

Sam's is a corporation, and a corporate defendant may not appear in an action *pro se*. It must be represented and appear through counsel. *See, e.g., Rowland v. California Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 94, 291-202 (1993) (noting that for nearly two hundred years the law has required that a corporation be represented in an action by a licensed attorney); *Lennon v. McClory,* 3 F. Supp. 2d 1461, 1462 n.1 (D.D.C. 1998) ("A corporation cannot represent itself and cannot appear *pro se*. It must be represented by counsel or it will be treated as not having appeared at all, and default judgment may be entered against it.") Sam's may not appear or submit filings, including this Motion, through Roncali. Accordingly, this Motion is not properly before the Court and should be dismissed.

**C.     Sam's Assertion That It Is Not Indebted To RLI Is A Factual Question Which Can Not Be Resolved By A Motion To Dismiss.**

Sam's assertion that it posted a $10,000 bond "in cash" is unintelligible. However, it is likely that Sam's means it posted collateral with RLI as security for its indemnity obligations and in partial consideration for RLI's issuance of the Bond. In any event, the posting of such

3

collateral would not render RLI's action improper; instead, it *might* be relevant only to the amount of any damage award against Sam's to which RLI may be entitled. Further, Sam's merely raises an issue of fact that does not go to the legal sufficiency of the action before the Court.

> D. **Sam's dispute regarding the payment status of certain of the claims underscores the appropriateness of interpleader in this matter.**

Interpleader is a remedial joinder device that allows for an early and effective determination of disputed questions with a consequent saving of trouble and expense for the parties. *Bell & Beckwith v. U.S. Internal Revenue Serv.*, 766 F.2d 910, 914 (C.A.6th 1985). The Federal Rules of Civil Procedure provide:

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that . . . the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants. Fed. R. Civ. P. 22 (1).

Sam's claim that he has paid some of the defendants listed in the Complaint is expressly excluded as a ground for objection.

The primary test for determining the propriety of interpleading adverse claimants and discharging the stakeholder is whether the stakeholder legitimately fears the vexation of defending multiple claims directed against a single fund. *American Family Mut. Ins. Co. v. Roche*, 830 F.Supp. 1241, 1245 (D.C. Wis. 1993). The very fact that Sam's disputes the payment status of certain claims which RLI has reason to believe have not been paid underscores the appropriateness of interpleader to resolve the numerous claims against RLI's Bond.

In the present case, all the requirements for interpleader are met. The Bond is the stake. Almost 70 claimants to date have asserted claims against the Bond totaling $161,823.50. Their claims, assuming they are valid, will exhaust the $10,000 penal sum of the Bond. There is a dispute about the legitimacy of certain of the claims that can be best resolved by the Court, not the Bond principal or the surety. There is no basis for Sam's assertion that interpleader is inappropriate to resolve this matter.

### III. Conclusion

For the foregoing reasons, the Motion to Dismiss submitted by Sam's Transportation Services, Inc. should be denied.

Respectfully submitted:

RLI INSURANCE COMPANY,
By its attorneys:

/s/ Valerie Elizabeth Powell
_____

Eric R. Stanco
(D.C. Bar No. 456896)
Valerie Elizabeth Powell
(D.C. Bar No. 474117)
STANCO & ASSOCIATES
126 C Street, N.W.
Washington, D.C. 20001
(202) 331-8822
(202) 331-9705 (facsimile)
erstanco@suretylaw.com
vepowell@suretylaw.com

## CERTIFICATE OF SERVICE

I, Valerie Elizabeth Powell, do hereby certify that a true copy of the foregoing Opposition to Defendant's Motion to Dismiss and proposed Order were served electronically on July 7, 2008 through this Court's electronic filing system upon counsel listed below who have entered an appearance in this action, and by U.S. Postal Service to the other parties listed in the Complaint.

/s/ Valerie Elizabeth Powell
_____

Parties served electronically:

Paul D. Cullen, Jr.
The Cullen Law Firm, PLLC
1101 30th Street N.W., Suite 300
Washington, D.C. 20007
pxc@cullenlaw.com

Marvin Keller Trucking
c/o/ TransCredit, Inc.
9485 Regency Square Blvd., Suite 102
Jacksonville, FL 32225

Parties served by U.S. mail, postage prepaid:

Sam's Transportation Service, Inc.
a/t/a Sams Transportation Service, Inc.
3868 Highway 61 North
Cleveland, MS 38732

Peter Roncali
489 Parker Bayou Road
Shaw, MS 38773

Charles Evans Trucking, Inc.
P.O. Box 306
Wiggins, MS 39577

To the best knowledge of counsel for RLI Insurance Company, the other defendants in this matter have failed to enter an appearance.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RLI INSURANCE COMPANY,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:08-cv-00695 (JR) |
| **SAMS TRANSP. SERVICES, INC.,** *ET AL.*, | ) |
| Defendants. | ) |

### ORDER

Upon consideration of the Motion to Dismiss submitted by Defendant, Sam's Transportation Services, the Opposition thereto, and the entire record in this matter, it is hereby

**ORDERED** that Defendant's Motion to Dismiss is Denied.

**SO ORDERED** this _____ day of _____ 2008.

_____

United States District Judge