UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RLI INSURANCE COMPANY,              :
                                    :
        Plaintiff,                  :
                                    :
    v.                              :   Civil Action No. 08-0695 (JR)
                                    :
SAM'S TRANSPORTATION SERVICES,      :
INC., a/t/a SAMS TRANSPORTATION,    :
SERVICES, INC., *et al.*,           :
                                    :
        Defendants.                 :

### MEMORANDUM ORDER

Interpleader is a well-established legal procedure for an insurance company, like RLI Insurance Co., to discharge its obligations under a policy or (as in this case) a surety bond by depositing the maximum amount of money for which it can be held liable into the registry of the court and announcing to all claimants (in effect), "There's the money, go fight over it, I'm out of here."  It appears from the record of this case that RLI Insurance Co. issued a $10,000 surety bond to secure the payment of claims against Sam's Transportation.  It further appears that claims against Sam's exceed $160,000, and that the motion to dismiss filed by Gregory Logistics, Inc. et al. [#17], correctly asserts that $10,000 is not nearly enough to satisfy Sam's obligations, but that assertion is irrelevant to this interpleader case.  The motion to dismiss filed by an officer of Sam's [#20] misconstrues RLI's suit.  RLI asks nothing of Sam's, at least not in this suit.  When RLI's $10,000 is paid out, RLI

will be off the hook and this case will be closed.  RLI may have an indirect claim against Sam's, and Sam's will still have to deal with its unpaid obligations -- but those are other suits, presumably in some other court.

The motions to dismiss of Gregory Logistics [#17] and of Sam's [#20] are **denied**.  Any and all claims seeking a portion of the $10,000 bond must be filed on or before July 25, 2008.  Any briefs or memoranda contesting the claims of other parties must be filed on or before August 15, 2008.  RLI is correct that the law requires corporations to appear in court only through attorneys, but, considering the small amount of money that is at stake here, and the small percentage of recovery that any party can expect to receive, that rule will be waived in this case.  Claims may be made (or contested) by legal memoranda properly filed in this case, or by letters addressed to the Clerk of this Court.

```
                              JAMES ROBERTSON
                         United States District Judge
```