UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RLI INSURANCE COMPANY, )<br>)<br>)<br>Plaintiff, )<br>) Civil Action No. 1:08-cv-00695(JR)<br>v. )<br>)<br>)<br>SAM'S TRANSP. SERVICES, INC., *et al.*, )<br>)<br>Defendants. )<br>_____) | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION
TO DISMISS COUNT ONE OF THE COMPLAINT IN INTERPLEADER**

**I.    Introduction**

Several Defendants move for the dismissal of Count One of the Complaint in Interpleader because ***as a matter of law,*** under the statute and regulations, the broker bond sold by RLI to Sam's Transportation must provide coverage of up to $10,000 for each claim brought against it. The Defendants are not, therefore, adverse claimants to sum certain as is required for a federal interpleader action. In opposition, Plaintiff RLI submits a document, Exhibit A, that it argues contains a provision that limits its liability to the aggregate penal sum of $10,000. RLI argues that an interpleader action is appropriate to determine the rights of multiple defendants who have submitted claims in excess of $161,000 against such a bond.

Broker bonds, however, are statutory bonds whose coverage is defined by the law. RLI does not establish the legal authority of Exhibit A or establish why one of its provisions should be enforced in abrogation of the statutory and regulatory requirements of a broker bond. The

Court must enforce the legal requirements of a statutory bond over any conflicting provisions of a document constituting or associated with the bond.  The Defendants' ask the court to hold that the broker bond must provide coverage for each of their claims up to $10,000 and to dismiss Count One of the Complaint in Interpleader.

**II.     RLI Does Not Attempt to Reconcile Its Interpretation of the Bond's Coverage with the Requirements of the Regulations.**

RLI argues that its liability is limited to the $10,000 "penal sum" of the bond "consistent with its obligations under federal requirements."[1]  But RLI does not cite a single federal statute or regulation that limits its liability under a broker bond to a aggregate "penal sum" of $10,000.  RLI does not explain how a bond whose coverage is limited to an aggregate sum of $10,000 (and therefore diminished by each claim against it) is consistent with the following requirements of the law as addressed in the Defendants' motion:

* a broker must have a surety bond "in effect" for the full amount of $10,000;[2]

* the broker's registration is valid only while the bond remains "in effect";[3]

* the bond shall ensure the financial responsibility of the broker[4] by providing for payments to shippers or motor carriers if the broker fails to carry out its contracts, agreements or arrangements for the supplying of transportation by authorized motor carriers;[5]

---

[1] Plaintiff, RLI Insurance Company's Opposition to Defendants' Motion to Dismiss Count One of the Complaint in Interpleader ("Opposition") at 2.

[2] 49 C.F.R. §387.307(a)

[3] *Id*.

[4] *Id.*

[5] 49 C.F.R. §387.307(b)

> \*   the coverage under the bond must be "in effect continuously"[6] and until 30 days after FMCSA receives notice of the bond's termination;[7] and,
>
> \*   the termination of a bond does not "affect the liability of the surety . . . for the payment of contracts, agreements or arrangements made by the broker for the supplying of transportation prior to the date such termination becomes effective."[8]

The failure of RLI's interpretation of a broker bond to meet these mandatory coverage requirements is especially stark in light of the more than $161,000 in claims filed with RLI against the bond.

**III.    RLI Fails to Demonstrate that Exhibit A Has Any Force of Law.**

RLI cites to a rule stating that "Form BMC 84 broker surety bond will be filed with the FMCSA . . . "[9] and relies upon a document, Exhibit A to its opposition brief, that RLI professes to be a Form BMC 84. Exhibit A appears to contain language that would limit the liability of a surety to the $10,000 "penalty of the bond." RLI does not specifically assert whether it relies upon Exhibit A as factual evidence of the bond it sold to Sam's or as legal authority for the terms of a federal broker bond. For either purpose, the Defendants challenge the enforceability of Exhibit A's provision that limits a surety's liability.

Exhibit A is entitled "Property Broker's Surety Bond Under 49 U.S.C. 13906" and it appears to be labeled "B.M.C. 84." Exhibit A has not been authenticated under Fed. R. Evid. 901 and is not self-authenticating under Fed. R. Evid. 902. The document is partially completed

---

[6] 49 C.F.R. §387.307(d)(2)

[7] 49 C.F.R. §387.307(d)(2)(i)

[8] *Id*.

[9] 49 C.F.R. § 387.307(d)(1)

to name RLI as the Surety, but is left blank as to the Principal/Property Broker to be named. The document is unsigned. RLI did not attach such a document to its Complaint. Nor did RLI plead in its Complaint any allegation concerning such a document or plead that such a document existed representing an agreement, arrangement or understanding between RLI and Sam's Transportation. For the purposes of this motion to dismiss only, however, the Defendants do not object if the Court treats this document as if it had been plead in the Complaint.

It is likely, though, that RLI relies upon Exhibit A not for its evidentiary value, but as what it believes is a source of the law governing the terms of federal broker bonds. If that is its purpose, the Defendants challenge the legal authority of Exhibit A. RLI does not establish under what legal authority Exhibit A is a source of the law, or on what legal basis the Court should give greater deference to it than the regulations prescribing the requirements of a broker bond.

The Defendants have been unable to determine the provenance of Exhibit A and cannot verify that it exerts any legal authority. No copy of a form BMC 84 is found in the Code of Federal Regulations. The Defendants can find no instance where such a document has been promulgated as an administrative rule. If an agency form is not promulgated under the rulemaking requirements of the Administrative Procedures Act, it is not effective as a regulation.[10]

The Defendants can find no copy of a Form BMC 84 in a search of the Department of Transportation's or Federal Motor Carrier Safety Administration's web sites. The FMCSA web page entitled "Frequently Asked Questions (FAQ) - Registration and Licensing" poses the request: "I need to have a copy of the Form BMC-84 (surety bond) e-mailed to me" and responds

---

[10] *United States v. Reinis*, 794 F.2d 506, 508 (9th Cir 1986) *citing* 5 U.S.C. §553.

"Your insurance company must provide the Form BMC-84 Property Broker's Surety Bond."[11]

Despite its official looking appearance and references to the law, the Defendants cannot do what RLI failed to do, establish that Exhibit A possesses any force of law.

### IV.     The regulatory requirements of a BMC 84 do not limit the liability on the bond to a $10,000 penal sum.

Not only does RLI fail to establish the legal authority of Exhibit A, it cites to no support in the law (statute, regulation, or reported decision) that a BMC 84 must contain the liability limiting provision it relies upon.  Where a BMC 84 form is referred to in section 49 C.F.R.§ 387.307, it is described as "evidence of a surety bond" that must be filed with FMCSA[12] for the full security limits[13] of $10,000.[14]  The only other substantive requirements of a BMC 84 Form are found in a rule allowing for the electronic filing of the BMC 84 (and other DOT forms) with FMCSA.[15]  This rule specifies the information that surety companies such as RLI must transmit to FMCSA in order to file a BMC 84 electronically.  None of the required information provides or implies that the coverage of a broker bond is limited to a $10,000 penal sum as described in RLI's Exhibit A.

Failing to identify authority in the statutes or regulations for limiting its liability under a

---

[11] *See* Exhibit 1, Excerpted page of "Frequently Asked Questions (FAQ) - Registration and Licensing," question and answer 33, http://www.fmcsa.dot.gov/about/other/faq/faqs.asp (last visited June 26, 2008)

[12] 49 C.F.R. §387.307(b)

[13] 49 C.F.R. §387.307(d)

[14] 49 C.F.R. §387.307(a)

[15] 49 C.F.R. §387.323

broker bond to an aggregate "penal sum" of $10,000, RLI's relies upon two cases to support its argument. Both cases are distinguishable from this case in important ways, but they both contain legal analysis that supports rather than rebuts the Defendants' arguments.

In *Hamm v. Canal Insurance Company*, the court reviewed the coverage limits of public liability insurance required of motor carriers by federal statute.[16] The question before the court was whether the minimum coverage required by law represented the minimum or the maximum potential liability of the insurance company. The *Hamm* court held that the liability under the policy was up to the policy limit for injuries sustained by parties in a single occurrence.[17] The court made clear, however, that an insurance company's payment up to that limit in one accident does not relieve that insurance company of continued liability under the same policy, up to that same coverage limit, in subsequent occurrences.[18] The per-occurrence limit found by the *Hamm* court is precisely the per-claim coverage required of broker bonds.

Consistent with *Hamm*, <u>each</u> of the Defendants' claims against the RLI bond is covered up to the $10,000 limit. Also, payment by RLI on one claim up to $10,000 does not relieve it of its liability to pay the subsequent claims of other motor carriers up to the $10,000 limit. The Defendants' claims against Sam's are not the result of one act, such as the single accident in *Hamm*. The Defendants' claims are based on their performances of independent and separate transactions with Sam's and Sam's failure to pay them individually. The broker bond provides coverage of the Defendants' claims separately, up to the policy limit of $10,000 each.

---

[16] *Hamm v. Canal Insurance Co.*, 10 F.Supp.2d 539 (M.D. N.C. 1998)

[17] *Id.* at 544

[18] *Id.*

In support of its position that its liability under a bond is limited to a specific penal sum, RLI relies upon, without citation, an opinion entitled *North River Insurance Company v. Claar.* The opinion the Defendants believe RLI is referring to is from a South Carolina state court action reviewing the coverage required of a state statutory bond.[19] In that action, a South Carolina statute required "a surety bond in the penal amount of fifteen thousand dollars" and specified "the aggregate liability of the surety for any and all claims is limited to fifteen thousand dollars on each bond."[20] The *North River* court simply enforced these explicit statutory requirements of the bond in question. The aggregate limitation of the South Carolina statutory bond is not found in the statutory or regulatory requirements of the federal broker bond. The state court's determination that the bond in question provided coverage of a limited "penal sum" as prescribed by statute is, therefore, inapplicable to an analysis of the federal broker bond rules that do not limit a surety's liability to a "penal sum" with a defined aggregate limit.

The *North River* opinion, though, embraces one concept of the law that is applicable to this action: a court must look to the applicable statute or regulations to determine what kind of coverage is required of a statutory bond. For broker bonds, the law requires coverage of up to $10,000 for each claim.

V.   **The Court Must Enforce the Requirements of a Statutory Bond Over Any Inconsistent Endorsements or Agreements.**

The broker bond sold by RLI to Sam's is a statutory bond.[21] Congress requires brokers to

---

[19] *North River Ins. Co. v. Claar et al.*, 299 S.C. 8, 382 S.E.2d 8 (S.C.App. 1989).

[20] *North River* at 9, citing Section 56-15-320(2), Code of Laws of South Carolina.

[21] Statutory Bond. A bond that literally or substantially meets the requirements of a statute. Black's Law Dictionary (8th Ed. 2004)

have a bond, insurance policy, or some other security as a condition for their registration. Congress delegated authority to the Secretary of Transportation to implement those security requirements.[22]  When interpreting the coverage of a statutory bond, a court must look to the provisions of the statute and rules requiring the bond.[23]  Any bond provision that conflicts with or is not contained in the statutory requirements of a bond is disregarded or considered mere surplusage.[24]

Assuming for purposes of this motion to dismiss that Exhibit A reflects either an endorsement, contract, or the terms of a bond purchased by Sam's from RLI, the provision of Exhibit A limiting RLI's liability to an aggregate penal sum of $10,000 conflicts with the rules defining the coverage required of a broker bond.  A bond with an aggregate penal sum of $10,000 would not be in effect for $10,000[25] after the first claim is made against it.  Once drawn down by one claim, such a bond would no longer be "in continuous effect" for $10,000.  After $10,000 in claims were made against such a bond, it could no longer be in effect for 30 days after notice of

---

[22] 49 U.S.C. §13906(b)

[23] *Community Sav. Bank v. Western Surety Co.*, 232 Iowa 1381, 1386, 8 N.W.2d 427, 429 (Iowa 1943)("[T]he liability of a surety on a statutory bond is measured and defined by statute and that a construction of the statute is a construction of the bond."); *American Surety Co. of New York v. Bankers Savings & Loan Ass'n of Omaha, Neb.* 67 F.2d 803, 805-6 (8th Cir 1933)("[T]he Nebraska statute limited the effect of warranties or condition in contracts or policies of insurance...is controlling.")

[24] *American Casualty Co. V. Southern Stages*, 37 S.E.2d 227, 231 (Ga. App. 1943); *Community Sav. Bank v. Western Surety Co.*, 8 N.W.2d 427, 429 (Iowa 1943); *Maryland Casualty Co. v. Dobson*, 196 S.E. 300, 302 (Ga. App. 1938)

[25] *See* 49 C.F.R. §§ 387.307 (a) & (d)(2)

termination is received by the FMCSA.[26] Yet it must be in continuous effect for that period of time or the broker's registration would be invalid immediately.[27] Most dramatically, such a bond fails to comply with the requirement that it "shall ensure the financial responsibility of the broker"[28] as demonstrated by the over $161,000 in claims made against RLI's bond. Only a bond that provides coverage of up to $10,000 per claim can comply with these rules. In its Opposition Brief, RLI makes no effort to reconcile the conflicts between the provisions of Exhibit A and the law. The court must read the requirements of the law into the bond, disregard any endorsements that conflict with the law, and dismiss Count One of the Complaint in Interpleader.

## VI.    The Court Should Deny RLI's Request for Attorneys Fees.

RLI cites to no authority for its request for attorneys fees, and the Defendants know of none. If RLI's motion is being brought under Fed. R. Civ. P. 11, the motion is substantively baseless and procedurally defective.

The purpose of the Defendants' motion to dismiss is not "improper." The Defendants wish to enforce each of their claims against the statutory broker bond and to prevent RLI from using an interpleader action to diminish the financial protection provided by its bond under the law. The Defendants' Motion is not frivolous but is warranted by a careful examination of the federal statutes and regulations prescribing the coverage required of a broker bond, as outlined in the Defendants' memorandum in support of its motion. In our research, the Defendants found cases, not cited to by RLI, in which federal courts have entertained a federal broker bond in an

---

[26] *See* 49 C.F.R. § 387.307(d)(2)(i)

[27] *See* 49 C.F.R. § 387.307(a); *see also* 49 U.S.C §13906(b)

[28] *See* 49 C.F.R. § 387.307(a)

interpleader action.[29]  But the Defendants found no opinion in which the court considered a challenge to the treatment of a federal broker bond in an interpleader action such as the issue the Defendants present in their motion to dismiss.  Nor have the Defendants found an opinion citing to any legal authority that a surety's liability under a federal broker bond is an aggregate penal sum of $10,000.

RLI's justification for the appropriateness of an interpleader action relies upon a document, its Exhibit A, that was not pled or attached to its Complaint, was not presented to the Defendants during the parties' conference on the motion to dismiss, and was first given to the Defendants as attached to RLI's opposition to this motion.  Finally, RLI has not followed the procedures for asserting a motion for sanctions under Fed. R. Civ. P. 11(c), beginning with the requirement that it must be made in a motion separate from any other motion.  RLI's prayer for attorneys fees should be denied.

Date:   July 10, 2008                                              Respectfully submitted,

/s/ Paul D. Cullen, Jr.
Paul D. Cullen, Jr. (D.C. Bar No. 463759)
**The Cullen Law Firm, PLLC**
1101 30th Street NW, Suite 300
Washington, DC 20007
(202) 944-8600
(202) 944-8611
Counsel for Defendants
All-Star Transportation, Inc.
First Trucking,
Gregory Logistics, Inc.
J & E Express, Inc.
Schibi Transportation, LLC
Topper 1

---

[29] *See*, e.g., *Star Insurance Co. V. Cedar Valley Express, LLC et al.*, 273 F.Supp.2d 38 (D. D.C. 2002)(provisionally granting Plaintiff's motion to proceed in Interpleader where no party had opposed the assertion in complaint that bond is a penal sum of $10,000).

## CERTIFICATE OF SERVICE

I certify that on July 10, 2008, I served:

• Defendants' Reply Memorandum in Support of Its Motion to Dismiss Count One of the Complaint in Interpleader

electronically by the court's CM/ECF system or by U.S. Postal Service as indicated below to the counsel and parties in this action. The Defendants' Reply Memorandum is being timely filed under Local Rule 7(d) and Federal Rules of Civil Procedures 5(b)(2)(E), (6)(a)(2), 6(a)(4)(A), and (6)(d).

    /s/ Paul D. Cullen, Jr.
Paul D. Cullen, Jr. (D.C. Bar No.: 463759)

**Counsel Served Electronically:**

Eric R. Stanco, Esquire
Valerie Elizabeth Powell, Esquire
Stanco & Associates
126 C Street, N.W.
Washington, DC 20001
VEPOWELL@SURETYLAW.COM

Counsel to RLI Insurance Company

**Parties Served by U.S. Postal Service:**

Sam's Transportation Services, Inc.
a/t/a Sams Transportation, Services, Inc.
3868 Highway 61 North
Cleveland, MS 38732-8726

Peter Roncali
489 Parker Bayou Road
Shaw, MS 38773

Marvin Keller Trucking
c/o TransCredit, Inc.
9485 Regency Square Blvd., Suite 102
Jacksonville, FL 32225

Charles Evans Trucking
P.O. Box 306
Wiggins, MS 39577

Case No. 1:08-cv-00695 (JR)

# EXHIBIT 1

You can call our toll-free number at 1-800-832-5660 to have the information corrected.

### 30. How do I determine whether I am subject to FMCSA's safety regulations? 101

If you operate any of the following types of commercial motor vehicles in interstate commerce you must comply with the applicable U.S. Department of Transportation (DOT) safety regulations concerning: CDL: controlled substances and alcohol testing for all persons required to possess a CDL: driver qualifications (including medical exams); driving of commercial motor vehicles; parts and accessories necessary for safe operations; hours of service; and inspection, repair and maintenance.

(1) A vehicle with a gross vehicle weight rating or gross combination weight rating (whichever is greater) of 4,537 kg (10,001 lb) or more;

(2) A vehicle designed or used to transport between 9 and 15 passengers (including the driver) for compensation;

(3) A vehicle designed or used to transport 16 or more passengers; or

(4) Any size vehicle used in the transportation of materials found to be hazardous for the purposes of the Hazardous Materials Transportation Act (49 U.S.C. 5101 et seq.) and which require the motor vehicle to be placarded under the Hazardous Materials Regulations (49 CFR chapter I, subchapter C).

### 31. Where do I obtain the insurance forms (BMC-91 or BMC-91X)? 103

The form BMC-91 or BMC-91X are both used to make liability insurance filings with the FMCSA. We do not provide these forms. The insurance company making the filing maintains their own supply of forms. In fact, many insurance carriers are set up to make the required insurance filings with us electronically.

### 32. How do I determine if I need cargo insurance? 102

It depends on the type of authority you apply for with FMCSA. If you apply for common carrier authority, you are required to have on file evidence of both liability (BI & PD) and cargo insurance. If you apply for contract authority, you are only required to have evidence of liability (BI & PD) insurance on file. Common carriers hauling low value goods as specified at 49 CFR 387.301(b) may request exemption from cargo insurance requirements by calling 202-366-9805 and asking that they be sent a cargo exemption form.

### 33. I need to have a copy of the form BMC-84 (surety bond) e-mailed to me. 104

Your insurance company must provide the Form BMC-84 Property Broker's Surety Bond.

### 34. Will my insurance company have form BMC-85 ? 105

You may obtain a copy of Form BMC-85, Property Broker's Trust Fund Agreement by contacting the FMCSA Insurance Compliance Division at 1200 New Jersey Avenue SE, Washington, DC 20590. The telephone number is 202-385-2423. You may also download an image of the Form at http://www.fmcsa.dot.gov/documents/BMC-85.pdf .

### 35. I transport some hazardous materials. Must I register? 107