UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RLI INSURANCE COMPANY, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:08-cv-00695(JR) |
| v. ) | |
| ) | |
| ) | |
| SAM'S TRANSP. SERVICES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER OF JULY 10, 2008**

1)    The Defendants All-Star Transportation, Inc., First Trucking, Inc., Gregory Logistics, Inc., J&E Express, Inc., Shibi Transportation, L.L.C., and Topper 1, request that the Court to reconsider its Order of July 10, 2008, (Document 26) on these Defendants' Motion to Dismiss Count One of the Complaint in Interpleader.  This motion requests that the court address the legal argument raised in the Defendants' motion to dismiss: that a broker bond issued in compliance with the Department of Transportation regulations entitles each Defendant to coverage of up to $10,000 for each claim; therefore, because there is no single sum that is the subject of competing claims, as a matter of law there can be no adverse claimants to a broker bond, and the requirements for a federal interpleader action under 28 U.S.C. §1335 are not met.

2)    In the alternative, the Defendants request that the Court vacate the part of its Order setting deadlines for the submission and contesting of claims, and order the parties to confer and submitted a discovery and litigation report under Fed. R. Civ. P. 26(f).  Discovery is necessary because of RLI's failure thus far to produce a bond or other evidence of a surety relationship

between RLI and Sam's Transportation -- the central premise of RLI's Interpleader allegation.

A memorandum and points of authority in support of this motion and two alternate proposed orders are attached.

Date:   July 16, 2008                         Respectfully submitted,

                                              /s/ Paul D. Cullen, Jr.
                                              Paul D. Cullen, Jr. (D.C. Bar No. 463759)
                                              **The Cullen Law Firm, PLLC**
                                              1101 30th Street NW, Suite 300
                                              Washington, DC 20007
                                              (202) 944-8600
                                              (202) 944-8611
                                              Counsel for Defendants
                                              All-Star Transportation, Inc.
                                              First Trucking,
                                              Gregory Logistics, Inc.
                                              J & E Express, Inc.
                                              Schibi Transportation, LLC
                                              Topper 1

## CERTIFICATE OF SERVICE

I certify that on July 16, 2008, I served:

- Defendants' Motion for Reconsideration of Order of July 10, 2008;
- Memorandum in Support of Defendants' Motion for Reconsideration of the Court's Order of July 10, 2008;
- Proposed Order Vacating Order of July 10, 2008, and Granting Defendants' Motion to Dismiss; and
- Proposed Order Vacating Order of July 10, 2008, and Initiating FRCP 26 (f) Procedures.

electronically by the court's CM/ECF system or by U.S. Postal Service as indicated below to the

counsel and parties in this action.

 /s/ Paul D. Cullen, Jr.
Paul D. Cullen, Jr. (D.C. Bar No.: 463759)

**Counsel Served Electronically:**

Eric R. Stanco, Esquire
Valerie Elizabeth Powell, Esquire
Stanco & Associates
126 C Street, N.W.
Washington, DC  20001
VEPOWELL@SURETYLAW.COM

Counsel to RLI Insurance Company

**Parties Served by U.S. Postal Service:**

Sam's Transportation Services, Inc.
a/t/a  Sams Transportation, Services, Inc.
3868 Highway 61 North
Cleveland, MS 38732-8726

Peter Roncali
489 Parker Bayou Road
Shaw, MS 38773

Marvin Keller Trucking
c/o TransCredit, Inc.
9485 Regency Square Blvd., Suite 102
Jacksonville, FL 32225

Charles Evans Trucking
P.O. Box 306
Wiggins, MS 39577

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:08-cv-00695(JR) |
| v. | ) | |
| | ) | |
| | ) | |
| SAM'S TRANSP. SERVICES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR
RECONSIDERATION OF THE COURT'S ORDER OF JULY 10, 2008**

**I.    Introduction**

Under Fed. R. Civ. P. 60, the Defendants respectfully request the Court reconsider its

Order of July 10, 2008, denying their Motion to Dismiss and setting a deadline for the

submission of claims.  In its Order (Document No. 26) the Court did not address the legal

argument squarely raised in the Defendants' Motion to Dismiss: that a broker bond issued in

compliance with the Department of Transportation regulations entitles each Defendant to

coverage of up to $10,000 for each claim; therefore, as a matter of law, there is no single sum of

money that is the subject of competing claims, there can be no "adverse claimants" to a broker

bond, and the requirements for a federal interpleader action under 28 U.S.C. §1335 are not met.[1]

The Court appears to have issued its order based on the factual sufficiency of the allegations in

_____

[1] *See Joseph F. Hughes & Co. V. Harry S. Mickey, Inc.*, 211 F.Supp. 298 (D. MD
1962)(dismissing a complaint in Interpleader because the statutory bond at issue provided
coverage that was not the subject of two or more adverse claimants).

1

the Plaintiff's Complaint, not its legal sufficiency, and its Order was filed before the Motion to

Dismiss was fully briefed by Defendants' timely filing of their Reply Memorandum.  The

Defendants' respectfully request the Court address this legal issue and dismiss Count One of the

Complaint in Interpleader.

In the alternative, if the Court does not reconsider its order on Defendants' motion to

dismiss, the Defendants move for the Court to vacate the schedule it ordered for the submission

of claims so that the parties may confer under Fed. R. Civ. P. 26(f) and submit a discovery and

litigation plan to the Court.  Discovery is necessary because RLI has not yet produced or put in

the record a bond or other evidence of a surety relationship between RLI and Sam's

Transportation -- the very premise of RLI's Interpleader allegation.  The Defendants wish to

conduct discovery bearing on the bond Sam's purchased from RLI and the claims made against

it.

Under local Rule 7(m), the undersigned counsel conferred with RLI's counsel, V.

Elizabeth Powell, on July 16, 2008, and she stated that her client would not consent to the grant

of either relief sought in this motion.

This Motion does not address the effect of the July 10, 2008, order on Sam's Motion to

Dismiss.

## II.     The Defendants' Motion to Dismiss Count One of the Complaint in Interpleader[2]

Several Defendants move for the dismissal of Count One of the Complaint in Interpleader

because *as a matter of law,* under the statute and regulations, the broker bond sold by RLI to

---

[2] The arguments set forth in section II, III, IV, V., VI, and VIII are substantially the same
as those set forth in the Defendants' Reply Memorandum filed July 10, 2008. (Document No. 27)

Sam's Transportation must provide coverage of up to $10,000 for each claim brought against it. The Defendants are not, therefore, adverse claimants to a sum certain as is required for a federal interpleader action. In opposition (Document 23), Plaintiff RLI submitted a document, Exhibit A, that it argues contains a provision that limits its liability to the aggregate penal sum of $10,000. RLI argues that an interpleader action is appropriate to determine the rights of multiple defendants who have submitted claims in excess of $161,000 against such a bond.

Broker bonds, however, are statutory bonds whose coverage is defined by the law. RLI does not establish the legal authority of Exhibit A or establish why one of its provisions should be enforced in abrogation of the statutory and regulatory requirements of a broker bond. The Court must enforce the legal requirements of a statutory bond over any conflicting provisions of a document constituting or associated with the bond. The Defendants' ask the court to hold that the broker bond must provide coverage for each of their claims up to $10,000 and to dismiss Count One of the Complaint in Interpleader.

## III.    RLI Does Not Attempt to Reconcile Its Interpretation of the Bond's Coverage with the Requirements of the Regulations.

In its opposition to the Defendants' Motion to Dismiss, RLI argues that its liability is limited to the $10,000 "penal sum" of the bond "consistent with its obligations under federal requirements."[3] But RLI does not cite a single federal statute or regulation that limits its liability under a broker bond to a aggregate "penal sum" of $10,000. RLI does not explain how a bond whose coverage is limited to an aggregate sum of $10,000 (and therefore diminished by each claim against it) is consistent with the following requirements of the law as addressed in the

---

[3] Plaintiff, RLI Insurance Company's Opposition to Defendants' Motion to Dismiss Count One of the Complaint in Interpleader ("Opposition") at 2.

3

Defendants' motion:

* a broker must have a surety bond "in effect" for the full amount of $10,000;[4]

* the broker's registration is valid only while the bond remains "in effect";[5]

* the bond shall ensure the financial responsibility of the broker[6] by providing for payments to shippers or motor carriers if the broker fails to carry out its contracts, agreements or arrangements for the supplying of transportation by authorized motor carriers;[7]

* the coverage under the bond must be "in effect continuously"[8] and until 30 days after FMCSA receives notice of the bond's termination;[9] and,

* the termination of a bond does not "affect the liability of the surety . . . for the payment of contracts, agreements or arrangements made by the broker for the supplying of transportation prior to the date such termination becomes effective."[10]

The failure of RLI's interpretation of a broker bond to meet these mandatory coverage requirements and protect the financial interest of motor carriers is especially stark in light of the more than $161,000 in claims filed with RLI against the bond.

## IV. RLI Fails to Demonstrate that Exhibit A Has Any Force of Law.

RLI cites to a rule stating that "Form BMC 84 broker surety bond will be filed with the

---

[4] 49 C.F.R. §387.307(a)

[5] *Id.*

[6] *Id.*

[7] 49 C.F.R. §387.307(b)

[8] 49 C.F.R. §387.307(d)(2)

[9] 49 C.F.R. §387.307(d)(2)(I)

[10] *Id.*

4

FMCSA . . . "[11] and relies upon a document, Exhibit A to its opposition brief, that RLI professes to be a Form BMC 84.  Exhibit A appears to contain language that would limit the liability of a surety to the $10,000 "penalty of the bond."  RLI does not specifically assert whether it relies upon Exhibit A as factual evidence of the bond it sold to Sam's or as legal authority for the terms of a federal broker bond.  For either purpose, the Defendants challenge the enforceability of Exhibit A's provision that limits a surety's liability.

A.    **RLI's Exhibit A Is Not Evidence That The Bond RLI Sold to Sam's Has An Aggregate Limit of $10,000**.

Exhibit A is entitled "Property Broker's Surety Bond Under 49 U.S.C. 13906" and it appears to be labeled "B.M.C. 84."  Exhibit A has not been authenticated under Fed. R. Evid. 901 and is not self-authenticating under Fed. R. Evid. 902.  The document is partially completed to name RLI as the Surety, but is left blank as to the Principal/Property Broker to be named.  The document is undated and unsigned.  RLI did not attach such a document to its Complaint.  Nor did RLI plead in its Complaint any allegation concerning such a document or plead that such a document existed representing an agreement, arrangement or understanding between RLI and Sam's Transportation.  Neither Exhibit A nor any other document in the record appears to be a broker bond issued by RLI to Sam's Transportation.

The questions raised by RLI's use of this document illustrate the need to reconsider the Defendants' Motion to Dismiss and, if the Interpleader is not dismissed, the Defendants' need for discovery and a stay of the Court's current deadline for the submission of claims so that the parties may confer under Rule 26(f) to devise a litigation and discover plan.  For the purposes of

---

[11] 49 C.F.R. § 387.307(d)(1)

their motion to dismiss only, however, the Defendants do not object if the Court treats RLI's

Exhibit A as if it had been plead in the Complaint.  Even if the Court were to assume as true, for

the purposes of the motion to dismiss, that Exhibit A contains the terms of the bond sold by RLI

to Sam's, the terms implying an aggregate limit to the bond's coverage violate the regulations

and must be read out of the bond as a matter of law.

**B.    RLI'S Exhibit A Does Not Legally Govern the Terms of a Broker Bond**

It is likely, though, that RLI relies upon Exhibit A not for its evidentiary value, but as

what it believes is a source of the law governing the terms of federal broker bonds.  If that is its

purpose, the Defendants challenge the legal authority of Exhibit A.  RLI does not establish under

what legal authority Exhibit A is a source of the law, or on what legal basis the Court should give

greater deference to it than the regulations prescribing the requirements of a broker bond.

The Defendants have been unable to determine the provenance of Exhibit A and cannot

verify that it exerts any legal authority.  No copy of a form BMC 84 is found in the Code of

Federal Regulations.  The Defendants can find no instance where such a document has been

promulgated as an administrative rule.  If an agency form is not promulgated under the

rulemaking requirements of the Administrative Procedures Act, it is not effective as a

regulation.[12]

The Defendants can find no copy of a Form BMC 84 in a search of the Department of

Transportation's or Federal Motor Carrier Safety Administration's web sites.  The FMCSA web

page entitled "Frequently Asked Questions (FAQ) - Registration and Licensing" poses the

request: "I need to have a copy of the Form BMC-84 (surety bond) e-mailed to me" and responds

---

[12] *United States v. Reinis*, 794 F.2d 506, 508 (9th Cir 1986) *citing* 5 U.S.C. §553.

6

"Your insurance company must provide the Form BMC-84 Property Broker's Surety Bond."[13]

Despite its official looking appearance and references to the law, the Defendants cannot do what RLI failed to do, establish that Exhibit A possesses any force of law.

## V.    The regulatory requirements of a BMC 84 do not limit the liability on a broker bond to a $10,000 penal sum.

Not only does RLI fail to establish the legal authority of Exhibit A, it cites to no support in the law (statute, regulation, or reported decision) that a BMC 84 must contain the liability limiting provision it relies upon.  Where a BMC 84 form is referred to in section 49 C.F.R.§ 387.307, it is described as only "evidence of a surety bond" that must be filed with FMCSA[14] for the full security limits[15] of $10,000.[16]  The only other substantive requirements of a BMC 84 Form are found in a rule allowing for the electronic filing of the BMC 84 (and other DOT forms) with FMCSA.[17]  This rule specifies the information that surety companies such as RLI must transmit to FMCSA in order to file a BMC 84 electronically.  None of the required information provides or implies that the coverage of a broker bond is limited to a $10,000 penal sum as described in RLI's Exhibit A.

Failing to identify authority in the statutes or regulations for limiting its liability under a

---

[13] *See* Exhibit 1, Excerpted page of "Frequently Asked Questions (FAQ) - Registration and Licensing," question and answer 33, http://www.fmcsa.dot.gov/about/other/faq/faqs.asp (last visited June 26, 2008)

[14] 49 C.F.R. §387.307(b)

[15] 49 C.F.R. §387.307(d)

[16] 49 C.F.R. §387.307(a)

[17] 49 C.F.R. §387.323

broker bond to an aggregate "penal sum" of $10,000, RLI's relies upon two cases to support its argument. Both cases are distinguishable from this case in important ways, but they both contain legal analysis that supports rather than rebuts the Defendants' arguments.

In *Hamm v. Canal Insurance Company*, the court reviewed the coverage limits of public liability insurance required of motor carriers by federal statute.[18]  The question before the court was whether the minimum coverage required by law represented the minimum or the maximum potential liability of the insurance company.  The *Hamm* court held that the liability under the policy was up to the policy limit for injuries sustained by parties in a single occurrence.[19]  The court made clear, however, that an insurance company's payment up to that limit in one accident does not relieve that insurance company of continued liability under the same policy, up to that same coverage limit, in subsequent occurrences.[20]  The per-occurrence limit found by the *Hamm* court is precisely the per-claim coverage required of broker bonds.

Consistent with *Hamm*, <u>each </u>of the Defendants' claims against the RLI bond is covered up to the $10,000 limit per claim.  Also, payment by RLI on one claim up to $10,000 does not relieve it of its liability to pay the subsequent claims of other motor carriers up to the $10,000 limit.  The Defendants' claims against Sam's are not the result of one act, such as the single accident in *Hamm*.  The Defendants' claims are based on their performances of independent and separate transactions with Sam's and Sam's failure to pay them individually.  The broker bond provides coverage of the Defendants' claims separately, up to the policy limit of $10,000 each.

---

[18] *Hamm v. Canal Insurance Co.*, 10 F.Supp.2d 539 (M.D. N.C. 1998)

[19] *Id.* at 544

[20] *Id.*

8

In support of its position that its liability under a bond is limited to a specific penal sum, RLI relies upon, without citation, an opinion entitled *North River Insurance Company v. Claar.* The opinion the Defendants believe RLI is referring to is from a South Carolina state court action reviewing the coverage required of a state statutory bond.[21]  In that action, a South Carolina statute required "a surety bond in the penal amount of fifteen thousand dollars" and specified "the aggregate liability of the surety for any and all claims is limited to fifteen thousand dollars on each bond."[22]  The *North River* court simply enforced these explicit statutory requirements of the bond in question.   The aggregate limitation of the South Carolina statutory bond is not found in the statutory or regulatory requirements of the federal broker bond.  The state court's determination that the bond in question provided coverage of a limited "penal sum" as prescribed by statute is, therefore, inapplicable to an analysis of the federal broker bond rules that do not limit a surety's liability to a "penal sum" with a defined aggregate limit.

The *North River* opinion, though, embraces one concept of the law that is applicable to this action: a court must look to the applicable statute or regulations to determine what kind of coverage is required of a statutory bond.  For broker bonds, the law requires coverage of up to $10,000 for each claim.

## VI.    The Court Must Enforce the Requirements of a Statutory Bond Over Any Inconsistent Endorsements or Agreements.

The broker bond sold by RLI to Sam's is a statutory bond.[23]  Congress requires brokers to

---

[21] *North River Ins. Co. v. Claar et al.*, 299 S.C. 8, 382 S.E.2d 8 (S.C.App. 1989).

[22] *North River* at 9, citing Section 56-15-320(2), Code of Laws of South Carolina.

[23]  Statutory Bond. A bond that literally or substantially meets the requirements of a statute. Black's Law Dictionary (8th Ed. 2004)

9

have a bond, insurance policy, or some other security as a condition for their registration.

Congress delegated authority to the Secretary of Transportation to implement those security

requirements.[24]  When interpreting the coverage of a statutory bond, a court must look to the

provisions of the statute and rules requiring the bond.[25]  Any bond provision that conflicts with

or is not contained in the statutory requirements of a bond is disregarded or considered mere

surplusage.[26]

Assuming for purposes of this motion to dismiss that Exhibit A reflects either an

endorsement, contract, or the terms of a bond purchased by Sam's from RLI, the provision of

Exhibit A limiting RLI's liability to an aggregate penal sum of $10,000 conflicts with the rules

defining the coverage required of a broker bond.  A bond with an aggregate penal sum of $10,000

would not be in effect for $10,000[27] after the first claim is made against it.  Once drawn down by

one claim, such a bond would no longer be "in continuous effect" for $10,000.  After $10,000 in

claims were made against such a bond, it could no longer be in effect for 30 days after notice of

termination is received by the FMCSA.[28]  Yet it must be in continuous effect for that period of

---

[24] 49 U.S.C. §13906(b)

[25] *Community Sav. Bank v. Western Surety Co.*, 232 Iowa 1381, 1386, 8 N.W.2d 427, 429 (Iowa 1943)("[T]he liability of a surety on a statutory bond is measured and defined by statute and that a construction of the statute is a construction of the bond."); *American Surety Co. of New York v. Bankers Savings & Loan Ass'n of Omaha, Neb.* 67 F.2d 803, 805-6 (8th Cir 1933)("[T]he Nebraska statute limited the effect of warranties or condition in contracts or policies of insurance...is controlling.")

[26] *American Casualty Co. V. Southern Stages*, 37 S.E.2d 227, 231 (Ga. App. 1943); *Community Sav. Bank v. Western Surety Co.*, 8 N.W.2d 427, 429 (Iowa 1943); *Maryland Casualty Co. v. Dobson*, 196 S.E. 300, 302 (Ga. App. 1938)

[27] *See* 49 C.F.R. §§ 387.307 (a) & (d)(2)

[28] *See* 49 C.F.R. § 387.307(d)(2)(I)

10

time or the broker's registration would be invalid immediately.[29]  Most dramatically, such a bond

fails to comply with the requirement that it "shall ensure the financial responsibility of the

broker"[30] as demonstrated by the over $161,000 in claims made against RLI's bond.  Only a bond

that provides coverage of up to $10,000 per claim can comply with these rules.  In its Opposition

Brief, RLI makes no effort to reconcile the conflicts between the provisions of Exhibit A and the

law.  The court must read the requirements of the law into the bond, disregard any endorsements

that conflict with the law, and dismiss Count One of the Complaint in Interpleader.

## VII.    The Court Issued its Order Before the Defendants Timely Filed Their Reply

The Court filed its Order of July 10, before the Defendants timely filed their reply brief in

support of their motion to dismiss.  The Plaintiff's opposition brief was filed electronically on

June 27, 2008.  Under local rule 7(d) the Defendants have five days in which to file a reply

memorandum.  When computing the time period specified in federal and local rules, three days is

added when service is made electronically.[31]  Because the resulting time period, eight days, is less

than 11 days, intermediate Saturdays, Sundays, and legal holidays (including the Fourth of July)

are excluded.[32]  Under this calculation, the due date for the Defendants to file their reply

memorandum was July 10, 2008.  The Defendants received the court Order denying their motion

as they prepared to file their reply memorandum.  Therefore the legal issue before the Court was

not fully briefed before it issued its order, and the Defendants respectfully request the Court

---

[29] *See* 49 C.F.R. § 387.307(a); *see also* 49 U.S.C. §13906(b)

[30] *See* 49 C.F.R. § 387.307(a)

[31] Fed. R. Civ. P. 6(d) and 5(b)(2)(E).

[32] Fed. R. Civ. P. 6(a)(2) and (4)

reconsider its Order denying the Defendants' Motion to Dismiss Count One and consider these arguments. In the alternative, the Defendants request that the Court stay its schedule for the submission of claims until the parties confer under Rule 26(f) and submit a joint discovery plan to the court.

Two proposed orders on the Defendants' alternate prayers for relief are being filed with this motion.

## VIII.    The Court Should Deny RLI's Request for Attorneys Fees.

RLI cites to no authority for its request for attorneys fees in its opposition brief, and the Defendants know of none. If RLI's motion is being brought under Fed. R. Civ. P. 11, the motion is substantively baseless and procedurally defective.

The purpose of the Defendants' motion to dismiss is not "improper." The Defendants wish to enforce each of their claims against the statutory broker bond and to prevent RLI from using an interpleader action to diminish the financial protection provided by its bond under the law. The Defendants' Motion is not frivolous but is warranted by a careful examination of the federal statutes and regulations prescribing the coverage required of a broker bond, as outlined in the Defendants' memorandum in support of its motion. In our research, the Defendants found cases, not cited to by RLI, in which federal courts have entertained a federal broker bond in an interpleader action.[33] But the Defendants found no opinion in which the court considered a challenge to the treatment of a federal broker bond in an interpleader action such as the issue the Defendants present in their motion to dismiss. Nor have the Defendants found an opinion citing

---

[33] *See*, e.g., *Star Insurance Co. V. Cedar Valley Express, LLC et al.*, 273 F.Supp.2d 38 (D. D.C. 2002)(provisionally granting Plaintiff's motion to proceed in Interpleader where no party had opposed the assertion in complaint that bond is a penal sum of $10,000).

to any legal authority that a surety's liability under a federal broker bond is an aggregate penal sum of $10,000.

RLI's justification for the appropriateness of an interpleader action relies upon a document, its Exhibit A, that was not pled or attached to its Complaint, was not presented to the Defendants during the parties' conference on the motion to dismiss, and was first given to the Defendants as attached to RLI's opposition to this motion.  Finally, RLI has not followed the procedures for asserting a motion for sanctions under Fed. R. Civ. P. 11(c), beginning with the requirement that it must be made in a motion separate from any other motion.  RLI's prayer for attorneys fees should be denied.

Date:   July 16, 2008                          Respectfully submitted,

                                               /s/ Paul D. Cullen, Jr.
                                               Paul D. Cullen, Jr. (D.C. Bar No. 463759)
                                               **The Cullen Law Firm, PLLC**
                                               1101 30th Street NW, Suite 300
                                               Washington, DC 20007
                                               (202) 944-8600
                                               (202) 944-8611
                                               Counsel for Defendants
                                               All-Star Transportation, Inc.
                                               First Trucking,
                                               Gregory Logistics, Inc.
                                               J & E Express, Inc.
                                               Schibi Transportation, LLC
                                               Topper 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:08-cv-00695(JR) |
| v. | ) | |
| | ) | |
| | ) | |
| SAM'S TRANSP. SERVICES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>ORDER VACATING ORDER OF JULY 10, 2008, AND<br>GRANTING DEFENDANTS' MOTION TO DISMISS</u>

Upon consideration of Defendants' Motion for Reconsideration of the Court's Order of

July 10, 2008, Memorandum of Points and Authorities in Support thereof,  it is this _____

day of _____, 2008, ORDERED:

1. That the Defendants' Motion for Reconsideration of the Court's Order of July 10,

2008,  is GRANTED in part;

2.  That the ORDER of July 10, 2008, is vacated;

2. That Count One of the Complaint in Interpleader is DISMISSED in its entirety WITH

PREJUDICE; and

3. That the Clerk of the Court shall notify all counsel of record of this Order.


_____
James Robertson
United Stated District Court Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RLI INSURANCE COMPANY,           )
                                 )
                                 )
       Plaintiff,                )
                                 )          Civil Action No. 1:08-cv-00695(JR)
       v.                        )
                                 )
                                 )
SAM'S TRANSP. SERVICES, INC., *et al.*,  )
                                 )
       Defendants.               )
_____)


**<u>ORDER VACATING ORDER OF JULY 10, 2008,</u>**
**<u>AND INITIATING FRCP 26(f) PROCEDURES</u>**

Upon consideration of Defendants' Motion For Reconsideration of the Court's Order of

July 10, 2008, Memorandum of Points and Authorities in Support thereof,  it is this _____

day of _____, 2008, ORDERED:

1.  That the Defendants' Motion for Reconsideration of the Court's Order of July 10,

2008,  is GRANTED in part;

2.  That the ORDER of July 10, 2008, is VACATED as to the deadlines set for filing of

the claims and for the filing of briefs and memoranda contesting the claims of other parties;

3.  That the parties shall confer under Fed. R. Civ. P. 26(f) within two weeks of this order.

Within 14 days of the parties' conference, as provided by the rule, the parties shall submit a

discovery and litigation plan which includes deadlines for a) submitting claims against the bond

and b) legal memoranda or letters in opposition to any other party's claims.

4. That the Clerk of the Court shall notify all counsel of record of this Order.


_____

James Robertson
United Stated District Court Judge