UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RLI INSURANCE COMPANY, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:08-cv-00695(JR) |
| v. ) | |
| ) | |
| ) | |
| SAM'S TRANSP. SERVICES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### DEFENDANT ALL-STAR TRANSPORTATION INC.'S FILING OF CLAIM UNDER THE COURT'S ORDER OF JULY 9, 2008

All-Star Transportation, Inc., ("All-Star") submits to the Court its claim for $3,335.00 against the broker bond sold by RLI Insurance, Inc., ("RLI") to Sam's Transportation Services, Inc. ("Sam's"). In support of this claim, All-Star attaches the declaration of Harold McCoy, Chief Executive Officer of All-Star, attesting to its claim against RLI's bond. Mr. McCoy authenticates several documents attached to his declaration:

All-Star Exhibit 1:   The "Rate Confirmation" sheet that is evidence of Sam's offer and All-Star's acceptance of a contract to transport a load for the payment of $2,900.00.

All-Star Exhibit 2:   A document labeled "Straight Bill of Lading" is evidence of All-Star's performance of the contract.

All-Star Exhibit 3:   All-Star's invoice to Sam's.

All-Star Exhibit 4:   The claim form RLI required Mr. McCoy to complete, have notarized, and submit to RLI with documentation proving his claim.

All-Star Exhibit 5: A contract entered into between All-Star and Sam's governing their relationship for the transportation of all loads arranged by Sam's and hauled by All-Star. This contract include Sam's promise to pay All-Stars' attorneys fees incurred in enforcing claims incident to their agreement.

All-Star's claim against RLI's bond for Sam's financial liabilities for $3,335.00 consists, therefore, of $2,900.00 for the work it performed for Sam's, and $435.00 (15% of $2,900.00) for attorneys fees expended in this action to enforce its claim. Because this claim for $3,335.00 is less than $10,000.00, the coverage required of a broker bond for this claim under 49 U.S.C. §13906(b) and 49 C.F.R. §387.307, Defendant All-Star demands that RLI pay the full amount of the claim.

Date:  July 25, 2008                                  Respectfully submitted,

/s/ Paul D. Cullen, Jr.
Paul D. Cullen, Jr. (D.C. Bar No. 463759)
**The Cullen Law Firm, PLLC**
1101 30th Street NW, Suite 300
Washington, DC 20007
(202) 944-8600
(202) 944-8611
Counsel for Defendant
All-Star Transportation, Inc.

CERTIFICATE OF SERVICE

I certify that on July 25, 2008, I served:

•   Defendant All-Star Transportation Inc.'s Filing of Claim Under the Court's Order of July 9, 2008 and attachments.

electronically by the court's CM/ECF system or by U.S. Postal Service as indicated below to the counsel and parties in this action.

       /s/ Paul D. Cullen, Jr.
       Paul D. Cullen, Jr. (D.C. Bar No.: 463759)

**Counsel Served Electronically:**

Eric R. Stanco, Esquire
Valerie Elizabeth Powell, Esquire
Stanco & Associates
126 C Street, N.W.
Washington, DC  20001
VEPOWELL@SURETYLAW.COM

Counsel to RLI Insurance Company

**Parties Served by U.S. Postal Service:**

Sam's Transportation Services, Inc.
a/t/a  Sams Transportation, Services, Inc.
3868 Highway 61 North
Cleveland, MS 38732-8726

Marvin Keller Trucking
c/o TransCredit, Inc.
9485 Regency Square Blvd., Suite 102
Jacksonville, FL 32225

Charles Evans Trucking
P.O. Box 306
Wiggins, MS 39577

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RLI INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SAM'S TRANSP. SERVICES, INC., *et al.*,<br><br>Defendants. | Civil Action No. 1:08-cv-00695(JR) |

### DECLARATION OF MR. HAROLD "MICK" MCCOY
### RE: CLAIM OF ALL-STAR TRANSPORTATION, INC.

1. I am, and have been at all times relevant to this proceeding, Chief Executive Officer ("CEO") of All-Star Transportation, Inc.,("All-Star"), a small business motor carrier operating out of Pacific, Missouri.

2. In my position as CEO of All-Star, I have many responsibilities for the operation of the motor carrier, including the pursuit of delinquent accounts receivable.

3. All-Star has one claim in the amount of $2,900.00 against the bond RLI Insurance sold to Sam's Transportation Services, Inc. ("Sam's"). This claim is for All-Star's transportation of a load from Quebecor World in Oberlin, Ohio to Arizona Republic in Mesa, Arizona.

4. I have attached true and correct copies of several documents in support of All-Star's claim. The load is identified in these documents by number AA070303054, alternately labeled as the "Pickup#," "Ref," and "*Pick #*" and by number 272991 assigned to it by Sam's.

5. A rate confirmation sheet is the document by which a broker, such as Sam's, confirms the

details of the offer of a load and the rate to be paid to a motor carrier, such as All-Star. The attached "Rate Confirmation" sheet from Sam's Transportation (All-Star Exhibit 1) identifies the "*Pick #*" as AA070303054. In this document, Sam's makes the request "Please Refer To This # On Invoice: 272991." This Rate Confirmation sheet displays the amount to be paid to All-Star $2,900.00. Sam's faxed this form to All-Star, and All-Star dispatcher Shawn Buettner signed it and faxed it back to Sam's.

6. The "STRAIGHT BILL OF LADING" form (All-Star Exhibit 2) displays the pickup number aa070303054. All-Star hauled this load.

7. I have attached a copy of All-Star's Invoice No. 128708 to Sam's dated 8/20/2007 in the amount of $2,900.00, (All-Star Exhibit 3) with "Ref" number AA070303054. As of this date, this invoice has not been paid and has not been disputed by Sam's.

8. The next document is the claim form (All-Star Exhibit 4) that RLI Insurance required that I complete, sign, have notarized, and then send to RLI with the documents listed above.

9. Finally, I have attached the contract entered into between All-Star and Sam's for the transportation of all loads arranged by Sam's and hauled by All-Star. (All-Star Exhibit 5). That contract provides, on page two, that "ALL-STAR shall be indemnified for any and all attorney fees, costs of collection, and court costs associated with enforcement of this Agreement or claims arising incident to the Agreement." Under this contract with Sam's, All-Star claims $435.00 in attorneys fees incurred for the filing of this claim in this legal action.

10. All-Star wishes to pursue its right to payment under the broker bond for its claim against Sam's for the $2,900.00 owed on the load it hauled and for $435.00 in attorneys fees for the collection of this claim as a result of this Interpleader action.

I state this 23rd day of July, 2008, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

_____
Harold McCoy

Case No. 1:08-cv-00695 (JR)

# ALL-STAR EXHIBIT 1

08-10-'07 16:43 FROM-Sams Transportation   6628469099        T-208  P001/003 F-319

## Rate Confirmation

**SAMS TRANSPORTATION SERVICES, INC**
P.O. BOX 496
SHAW, MS 38773

8/10/2007 4:49:00 PM    Fax: 662-846-9099  Local: 662-846-9006  Toll Free: 800-992-4163    Page 1 of 1

To: ALL-STAR

Phone 800-872-5960    Fax: 636-271-5276

Special Instructions:
Shawn thanks for the truck

FLAT: $2,800.00
Gross Pay $2,900.00

Please sign and fax back to: 662-846-9099
Quick Ref: SAMS TRANSPORTATION SERVICES, INC
Quick Phone: 800-992-4163

Please Refer To This # On Invoice: 272991

| Shipper | Phone | Pick # | Pcs | Wgt | Date | Time |
|---|---|---|---|---|---|---|
| QUEBECOR WORLD<br>235 ARTINO STREET<br>OBERLIN, OH 44074 | 440-774-1500<br>241 | AA070303054 | 20 | 39308 | 8/11/2007 | 0800-1600 |

Description:

| Receiver | Phone | PO # | Pcs | Wgt | Date | Time |
|---|---|---|---|---|---|---|
| ARIZONA REPUBLIC<br>1920 SOUTH LEWIS ST.<br>MESA, AZ 85210 | 602-444-7834 |  |  |  | 8/14/2007<br>8/16 | 8am-3pm |

Description:

1) ALL DRIVERS MUST CALL FOR DISPATCH!!
2) WE REQUIRE A CHECK CALL FROM ALL DRIVERS BETWEEN 8AM TO 10AM CENTRAL, OR $50 FINE WILL BE IMPOSED!
3) PLEASE REFER TO "PRO NO" ON BILLING, MUST HAVE ORIGINAL BILL OF LADINGS RETURNED WITH INVOICES TO SAM'S TRANSPORTATIONS SERVICES, INC. INVOICES WILL BE PAID 30 DAYS FROM THE DATE WE RECEIVE ORIGINAL BILL OF LADINGS
4) ***DO NOT SEND YOUR TRK TO LOAD BEFORE THIS IS SIGNED AND FAXED TO SAM'S TRANSPORTATION
CARRIER AGREES FOR THE ABOVE RATE CARRIER WILL PERFORM TRANSPORT SERVICES FOR SAMS TRANSPORTATION. CARRIER AGREES AND UNDERSTANDS THAT THIS CONTRACT IS NOT A "TRIP LEASE" AND THAT CARRIER IS AN "INDEPENDENT CONTRACTOR" WITH ITS OWN ICC OPERATING AUTHORITY. CARRIER UNDERSTANDS THAT ALL PERMITS AND TAXES ARE ITS SOLE RESPONSIBILITY. CARRIER AGREES THAT IT MAINTAINS ITS OWN CURRENT CARGO, LIABILITY, AND COMP INSURANCE. AN ORIGINAL CERTIFICATE OF INS. NAMING SAM'S TRANSPORTATION AS A CERT.HOLDER, A COPY OF ICC AUTH, AND THIS CONTRACT MUST BE ON FILE BEFORE PAYMENT DATE!
***DRIVER MUST FAX BOL AND POD WITHIN 2 HOURS OF DELIVERY OR LOAD IS SUBJECT TO $50.00 FINE PER DAY***

| Special: | Truck #: | Customs Brk: |
| Commodity: | Trailer #: | Phone: |
| Equipment: | Driver:<br>Cell #: | Instructions: |

Signature: _Shawn Buettner_    Title: dispatch sales
Name: Shawn Buettner              Date: 08/10/07
Please sign and fax back to: 662-846-9099

For office use only:
Quick Ref: ALL-STAR TRANSPORTATION, INC
Quick Ref: 636-271-5100

Broker Sig: EDDIE

Please Refer To This # On Invoice: 272991

Dr. Dispatch Software - www.drdispatch.com

Case No. 1:08-cv-00695 (JR)

# ALL-STAR EXHIBIT 2

#1

**STRAIGHT BILL OF LADING — ORIGINAL — NOT NEGOTIABLE**                              Page 1 of 1

BOL #: 59771
Date: Thu - 08/9/07
Terms: 3rd Party
Class: 55 (rate class)
Carrier: Qwest Communications

Pickup#: aa070303054

**SHIPPER**

QUEBECOR WORLD                    MAIN # : 440-774-1500
235 ARTINO STREET
OBERLIN, OHIO 44074

Bill To: Qwest Communications
C/O AIMS Logistics
P.O. Box 1150
Collierville, TN 38027-1150
Phone: 877-879-7447

**CONSIGNEE — (For purposes of notification only.)**

ARIZONA REPUBLIC
1920 S LEWIS ST
9-5-7 Run Date
MESA, AZ 85210
ATTN: PETER AQUIRRE
Phone: 6024447811

**GENERAL COMMENTS**

must deliver by due datecharge code t0a207050

8/28

| Pieces | Gross Wt. Lbs. | Detail Line By Key | | # of cartons | Qty Per Carton | Partial Crtn | Check Box |
|---|---|---|---|---|---|---|---|
| Job: 51912 | | | | | | | |
| 438,000 | 9,980 On 5 skids | Subtotal for: 9-5-7 Run Date | | | | | |
| 438,000 | 9,854 On 5 skids | Subtotal for: 9-12-7 Run Date | | | | | |
| 438,000 | 9,723 On 5 skids | Subtotal for: 9-19-7 Run Date | | | | | |
| 438,000 | 9,751 On 5 skids | Subtotal for: 9-26-7 Run Date | | | | | |
| 1,752,000 | 39,308 On 20 skids | Qwest 2 pg FSI Key: QWE9630AZ; Issue: Aug/Sept 2007; Vers: Mobile Bundle; | | | | | |
| 1,752,000 | 39,308 On 20 skids total | | | | | | |

8-16-07
RON POHLMAN

DELIVERED TO WRONG PLANT, ALL INSERTS FOR MIDWEEK GO TO DEER VALLEY.  RP - 8/16/07

EMIT C.O.D.
D:

Subject to Section 7 of conditions, if this shipment is to delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:
The carrier shall not make delivery of this shipment without payment of freight or other lawful charges.

Terms:
3rd Party

NOTE — Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property.
The agreed or declared value of the property is hereby specifically stated by the pper to be not exceeding_____per_____

Quebecor World (Oberlin)
( Signature of Consignor )

Total    $
Charges
Freight charges are prepaid unless marked collect.
CHECK BOX IF COLLECT___

RECEIVED, subject to the classifications and tariffs in effect on the date of the issue of this Bill of Lading, the property described above is in apparent good order, except as noted (contents nd condition of contents of packages unknown), marked consigned, and destined as indicated above which said carrier (the word carrier being understood throughout this contract as meaning y person or corporation in possession of property under the contract) agrees to carry to its usual place of delivery at said destination, if on its route, otherwise to deliver to another carrier on e route to said destination. It is mutually agreed as to each carrier of all or any of said property, over all or any portion of said route to destination and as to each party at any time interested in l or any said property, that every service is to be performed hereunder shall be subject to all the bill of lading terms and conditions in governing classification on the date of shipment. Shipper hereby certifies that he is familiar with all the bill of lading terms and conditions in the governing classification and the said terms and conditions are hereby agreed to by the shipper d accepted for himself and his assigns.

This is to certify that the above named materials are properly classified, described, packaged, marked and labelled and are in proper condition for transportation, according to the applicable gulations of the Department of Transportation.

THIS SHIPMENT CARRIED BY
TRANSTAR TRANSPORTATION, INC. ALSA

| HIPPER | Quebecor World (Oberlin) | CARRIER | Qwest Communications |
|---|---|---|---|
| ER | DATE | PER | DATE |

Case No. 1:08-cv-00695 (JR)

# ALL-STAR EXHIBIT 3



All-Star Transportation, Inc.
P O Box 37
Pacific, MO 63069
Phone 636-271-6100
Fax 636-271-6917

**ORIGINAL INVOICE**

Invoice 128708
8/20/2007

Terms  Terms30
Reference  272991

Bill To

SAMS TRANSPORTATION SERVICES INC
P.O. BOX 496
SHAW, MS 38773

| | Company | Address | City, St | Zip | Ref |
|---|---|---|---|---|---|
| Shipper | QUEBECOR WORLD | 235 ARTINO ST. | OBERLIN, OH | 44074 | AA070303054 |
| Consignee | ARIZONA REPUBLIC | 1920 SOUTH LEWIS ST. | MESA, AZ | 85210 | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Pickup Date: | 08/11/07 | Total Pieces: | 0 | Actual Wgt: 0 | As Wgt: 0 | Truck: | 2540 |
| Delivery Date: | 08/16/07 | Total Space: | 0 | Tariff Wgt: 0 | Miles: 2046 | Trailer: | 9507 |

Please remit upon receipt to:
ALL-STAR TRANSPORTATION, INC.
P.O. BOX 66726,
ST LOUIS, MO 63166-6726
1-636-271-6100

| | | |
|---|---|---|
| Rate Type | Flat | |
| Rate | 2900.0000 | |

Freight  2900.00
+ Accessorials  0.00

Invoice Total  2900.00

Case No. 1:08-cv-00695 (JR)

# ALL-STAR EXHIBIT 4

## RLI INSURANCE COMPANY
### Proof of Claim for Non Contract Bond Claims

STATE OF __MISSOURI__, COUNTY OF __FRANKLIN__, __ALL-STAR TRANSPORTATION, INC.__, Claimant

being duly sworn, deposes and says:

1. (a) IF AN INDIVIDUAL, OR SOLE PROPRIETOR: That he/she is the Claimant herein, whose place of business or residence is _____, City of _____, County of _____, State of _____.

   (b) IF A CO-PARTNERSHIP: That he/she is _____ of _____, a co-partnership, hereinafter designed as Claimant, composed of deponent and _____, which firm has its principal place of business at _____, City of _____, County of _____, State of _____.

   (c) IF A CORPORATION: That he/she is __CEO__ of __ALL-STAR TRANSPORTATION, INC.__, Claimant herein, which is a corporation organized and existing under the laws of the State of __MISSOURI__, and having a place of business at __1547 THORNTON ST__, City of __PACIFIC__, County of __FRANKLIN__, State of __MISSOURI__ and is duly authorized to make this Proof of Claim on its behalf.

2. That __Sam's Transportation Services, Inc. (STS)__, hereinafter called Principal, was at and before the filing of this Proof of Claim, and still is, justly and truly indebted to Claimant, in the sum of $__2900.00__ Dollars ($__2900.00__). Attached is itemized statement of claim together with supporting evidence, including a copy of the contract, invoices, and letters, if applicable.

3. The dates for which Principal furnished any services were between __8/11/07__ and __8/16/07__.

4. Description of commodity that Claimant was hauling __PRINTED MATTER__.

5. That Claimant has satisfied in full all its duties, obligations, and conditions to Principal and that Principal has no just cause to refuse payment to Claimant.

6. That there are not setoffs, counterclaims, back charges, or other credits due said Principal against said claim, and that Claimant is not indebted to said Principal on this, or on any other account, and that Claimant does not hold any note or security of any kind whatsoever for said debt.

7. That this Affidavit is made in support of the above-described claim against, and for the purpose of inducing, RLI as Surety for said Principal, to pay said claim under the bond which it executed as Surety for said Principal.

8. Should, and to the extent, RLI makes payment, Claimant hereby agrees that all guarantees and warranties required under the terms of any contract entered into with Principal shall remain in full force and effect in accordance with their terms which, however, shall not be extended nor enlarged hereby.

9. That Claimant is aware that it is against the law to file a false or fraudulent claim, and that to do so may subject them to criminal prosecution.

Subscribed and sworn to before me this __20th__ day of __December__, 2007.

Signature: _[signed]_

Notary Public: _[signed]_

YVONNE J. SCHMITT
Notary Public-Notary Seal
State of Missouri, St Louis County
Commission # 05663076
My Commission Expires Mar 16, 2009

Company Name: __All Star Transportation, Inc.__
Claim #: __00205748   SC__
Bond #: __RSB0634021__

Case No. 1:08-cv-00695 (JR)

# ALL-STAR EXHIBIT 5

## ALL-STAR BROKER AGREEMENT

This agreement entered into and effective this _10th_ day of _August_, 20_07_ by and between ALL-STAR Transportation, Inc. (ALL-STAR), a Missouri Corporation duly authorized to operate as a Motor Contract Carrier by Permit Issued 33 February 1994 by the ICC in docket #MO-269759 O-P' and _Sam Transportation_ (Broker). In consideration of mutual covenants, the parties agree as follows:

Scope: Broker agrees to tender a minimum of three shipments to, and to actively solicit and arrange transportation services and utilize ALL-STAR in performance of the same, and ALL-STAR agrees to accept those lawful shipments within their capabilities and under the terms and conditions set fourth herein. Carrier shall (I) provide for assignment of vehicles for continuing period and exclusive use of shipper, or (ii) will provide services designed to meet the distinct needs of shipper.

Term: Effective on date above and for twelve months Agreement shall terminate upon ALL-STAR's failure to maintain ICC authority or comply with local state and federal statutes and laws. Agreement shall renew if terminating condition remedied within ten days.

Receiving: Promptly upon receipt of Commodities for shipment from Contractor or Third Party, Subcontractor shall, in form of standard short form strait bill of lading (prepared by Consignor) Subcontractor. Receipt is conclusive evidence of Subcontractor's receipt in good order and condition, unless otherwise notated at time of execution by ALL-STAR. Notwithstanding anything contrary in the receipt, terms and conditions of the Agreement shall govern all rights and regulations with respect to transport. ALL-STAR shall be deemed Carrier of record on bill of lading if ALL-STAR transports the cargo, notwithstanding a bill of lading naming Broker as the Carrier.

Delivery Time: Unless specific delivery schedule provided to and agreed to by ALL-STAR, transportation provided shall be made with reasonable dispatch after receipt from Shipper or any other third party of Commodities to be transported. Shipper to be advised of significant delays incurred in delivery on day of delay.

Vehicles, Equipment, Personnel: Unless provided otherwise ALL-STAR shall at its sole expenses and cost furnish vehicles, equipment and personnel necessary for performance of services agreed. Vehicles shall be appropriate for transportation or services rendered and maintained in good, safe and efficient condition.

Liability: ALL-STAR's Liability for damage to commodities is that of Bailee and is limited to time starting with Consignee's execution of Receipt at point of consignment and terminate at point of destination upon Consignee's signing of Receipt. Liability further limited to amount shown ALL-STAR's certificate of cargo insurance and extends only to beneficial owner of commodities. Claims for loss or damage to commodities must be filed within 9 months of delivery (or in case of export traffic, within 9 months after delivery at point of export), except claims for failure to make delivery must be filed within 9 months after a reasonable time for delivery has elapsed. Suits for loss or damage shall be instituted against ALL-STAR no later than 2 years and 1 day from date when first written notice given by Subcontractor to Contractor that Subcontractor has disallowed the claim or any parts specifies in the Notice. Notice stated herein shall extend any federal or state statute of limitations for bringing claims. ALL-STAR shall defend indemnity and hold Broker and Shipper harmless from and against any claims, demands, Liabilities or causes of action in favor of any person or party, for injury to or illness or death of any person or party, or for any property damage (except as to commodities or shipments discrepancies) arising out of services provided by ALL-STAR caused by intentional acts or gross negligence of ALL-STAR except any loss, claim, demand or liability caused by the negligence if Broker or Shipper, whether contributory or not.

Billing: Written agreement by ALL-STAR and Broker is a condition precedent to ALL-STAR accepting shipment. Broker agrees to pay ALL-STAR within 30 days of presentation of freight bill to broker.

Broker's collection from shipper is not a condition precedent to Broker's obligations to pay ALL-STAR.

Freight Terms: Shipments will be tendered to and accepted by ALL-STAR on a freight "prepaid" basis unless stated otherwise. ALL-STAR shall make and Broker shall accept all demands for payments.

Double Brokering: By Law, Broker is required to accept one shipment from a bonified shipper and offer same to a duly licensed motor carrier for transport. Broker shall be liable to ALL-STAR for full payment of applicable charges regardless of broker's ability to collect from another Broker if Broker accepts shipment from another Broker without the knowledge and written consent of ALL-STAR. Broker shall hold ALL-STAR harmless and indemnify ALL-STAR for any financial or "legal" issues which arise from impropneues made by or with knowledge of Broker.

Force Majeure: ALL-STAR shall not be liable for any delay in performance or losses beyond their reasonable control (Force Majeure). Time of performance shall be extended by period equal to time lost due to Force Majeure event.

Independent Contractor: ALL-STAR is an independent contractor and shall have exclusive direction and control of persons providing transportation hereunder and assumes responsibility of payment of taxes and workmen's compensation, as applicable. ALL-STAR is not granted any authority to bind shipper.

Severability: If any Part(s) of this Agreement is (are) illegal or invalid said shall be omitted without effecting the others. Where a conflict arises between this agreement and ICC Act. The provisions of the ICC Act shall govern.

Jurisdiction/Attorney Fees: By consent, Missouri law shall govern and Missouri shall have jurisdiction over all disputes arising under or performance of this agreement. Any and all disputes heard in federal court shall be heard in the Eastern Division of Missouri. ALL-STAR shall be indemnified for any and all attorney fees, costs of collection, and court costs associated with enforcement of this Agreement or claims arising incident to the Agreement.

Entirety of Agreement: Notwithstanding delivery schedules and terms of consideration, this Agreement constituted the entire agreement. Main text shall prevail over conflicts between the main text and the appendices.

Miscellaneous: ALL-STAR shall maintain the minimum insurance required by law and shall be in compliance with all local, state, and federal laws necessary to maintain it's permit.

In Witness Whereof, the parties have in duplicate counterparts (each considered an original) duly executed and delivered this Agreement on the date above.

Broker: Sams Transportation

By: Eddie Daniel Dispatcher
    Name/Title

Attest by: Rock Jones

ALL-STAR Transportation, Inc.

1547 Thornton Road, Pacific, MO
314/271-6100

By: [signature]
    Name/Title

Attest by: [signature]