UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RLI INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:08-cv-00695 (JR) |
| SAMS TRANSP. SERVICES, INC., *ET AL.*, | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF, RLI INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS'
MOTION FOR RECONSIDERATION OF ORDER OF JULY 10, 2008**

Plaintiff, RLI Insurance Company, by and through its undersigned counsel, and in Opposition to the Motion for Reconsideration of Order of July 10, 2008, filed by Defendants First Trucking, Inc.; Gregory Logistics, Inc.; J&E Express, Inc.; Topper 1; Schibi Transportation, L.L.C.; and All-Star Transportation, Inc., states as follows:

**I. Statement of Facts**

RLI Insurance Company (RLI) issued a Property Broker's Surety Bond (the Bond) on behalf of defendant, Sams Transportation Services, Inc. (Sam's), as principal, pursuant to 49 U.S.C. § 13906. Declaration of Sandra Clayton (Clayton Declaration, attached hereto) ¶ 2. As required by that statute, the Bond was issued on behalf of Sams for the benefit of any and all motor carriers or shippers to whom Sams may be legally liable for the damages described in the Bond. Also as prescribed by statute, the Bond was issued in the penal sum of $10,000.

RLI subsequently received multiple adverse claims in excess of the penal sum of the Bond. On April 23, 2008, RLI filed this action seeking relief in statutory interpleader pursuant to 28 U.S.C. §1335 and exoneration under the Bond. RLI served process upon the defendants, and

Sams and certain Bond claimants answered the Complaint.

On April 23, 2008, RLI filed a Motion to Deposit Funds into the Registry of the Court. On May 5, 2008, the Court issued an Order Granting that Motion, and accordingly, RLI sent the Registry check no. 504109 in the amount of $10,000, the penal sum of the bond, on or about May 12, 2008.

On June 13, 2008, Defendants filed a Motion to Dismiss Count One of Complaint in Interpleader. On June 27, 2008, RLI filed its Opposition thereto. On July 10, 2008, Defendants filed their Reply to RLI's Opposition. But apparently just moments prior to their filing, this Court issued an order denying, among other things, Defendants' Motion to Dismiss. The Court subsequently agreed to consider Defendants' Reply and ordered RLI to file its Opposition to RLI's Motion for Reconsideration by July 28, 2008.

## II. <u>Argument</u>

In its Motion to Dismiss, Defendants raise various questions about the meaning of statutory language governing property broker's surety bonds under 49 C.F.R. §§ 387.303 (a), (b), and (d). In their Reply to RLI's Opposition, Defendants reiterate, in most cases, verbatim, their arguments regarding those code sections. The only new argument raised in Defendants' Reply regards the authenticity of the Bond submitted by RLI as Exhibit A to its Opposition. Defendants' Motion for Reconsideration is nothing more than a regurgitation of those arguments. The only argument that was not before the Court at the time it issued its July 10 Order is Defendants' question about the authenticity of the copy of the Bond.

As RLI indicated in its Opposition to Defendants' Motion to Dismiss, the form of a broker's surety bond is determined by statute, not by the surety that issues the bond. 49 C.F.R. §

387.307(d)(1). RLI is required by law to issue property broker's surety bonds on the federally generated form, BMC-84. 49 C.F.R. § 387.307(b); Clayton Declaration ¶ 3. Defendants correctly note that the Bond attached as Exhibit A to RLI's Opposition to Defendants' Motion to Dismiss is not signed by Sams Transportation or by RLI. As required by law, property broker's surety bonds are filed with the Federal Highway Administration (FHA), which is the bond obligee. Clayton Declaration ¶ 5. The FHA, and not RLI, is the holder of the executed Bond.

However, Defendants' claim that the executed Bond is somehow germane to their claims against the Bond is utterly baseless. The upper left corner of the copy of the Bond submitted as Exhibit A to RLI's Opposition contains the description "B.M.C. 84", yet Defendants challenge the assertion that the Bond is printed on Form BMC-84, as required by regulation. The gravaman of Defendants' challenge to the authenticity of Exhibit A appears to lie in Defendants' attempt to avoid the clear and unambiguous language of the Bond limiting the surety's liability to the payments amounting in the aggregate to $10,000 penalty of the Bond, but this reading is supported neither by statute or regulation, nor by case law, as RLI demonstrated in its Opposition to Defendants' Motion to Dismiss.

RLI does not contest the fact that it issued the Bond; indeed, it moved this Court to accept full payment of the penal sum of the Bond, and in fact has paid the Court the full penal sum of the Bond. The exact language of the Bond is provided in Exhibit A, which RLI has submitted to the Court. There are no meaningful facts that the executed Bond could possibly add to Defendants' claims, but should they nevertheless insist on a copy of the executed Bond, they would need to subpoena that document from the FHA.

Defendants fail to raise a single colorable issue that might justify the Court granting their

Motion to Reconsider. The one new issue that they raise in their Reply regarding the Bond's authenticity has no effect whatsoever on their claims against the Bond.

### III. Conclusion

For the foregoing reasons, the Motion for Reconsideration of Order of July 10, 2008 submitted by Defendants All-Star Transportation, Inc.; First Trucking, Inc; Gregory Logistics, Inc.; J&E Express, Inc.; Schibi Transportation, L.L.C.; and Topper 1 should be denied.

Respectfully submitted:

RLI INSURANCE COMPANY,
By its attorneys:

/s/ Valerie E. Powell

Eric R. Stanco
(D.C. Bar No. 456896)
Valerie Elizabeth Powell
(D.C. Bar No. 474117)
STANCO & ASSOCIATES
126 C Street, N.W.
Washington, D.C. 20001
(202) 331-8822
(202) 331-9705 (facsimile)
erstanco@suretylaw.com
vepowell@suretylaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RLI INSURANCE COMPANY, )
)
    Plaintiff, )
)
v. ) Civil Action No. 1:08-cv-00695 (JR)
)
SAMS TRANSP. SERVICES, INC., *ET AL.*, )
)
    Defendants. )

### DECLARATION OF SANDRA CLAYTON IN SUPPORT OF PLAINTIFF, RLI INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER OF JULY 10, 2008

Sandra Clayton, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I make this Declaration in support of Plaintiff, RLI Insurance Company's (RLI's) Opposition to Defendants' Motion for Reconsideration of Order of July 10, 2008. At all times material, I have been the Bond Claims Analyst for RLI in the above-captioned matter. I am over the age of 21. Accordingly, I make this Declaration based upon facts known personally by me and upon such records and other documents which would be admissible as evidence at trial and as to which I am competent to testify. As for those statements contained herein which are based upon information and belief, I believe them to be true.

2. RLI Insurance Company issued a Property Broker's Surety Bond (the Bond) on behalf of defendant, Sams Transportation Services, Inc.(Sams), as principal, pursuant to 49 U.S.C. § 13906.

3. RLI is required by law to issue property broker's surety bonds on the federally generated form, BMC-84.

4. The Bond attached to RLI's Opposition to Defendants' Motion to Dismiss Count One of the Complaint in Interpleader as Exhibit A is a true and accurate copy of form BMC-84.

5. As required by law, RLI files its property broker's surety bonds with the Federal Highway Administration (FHA), which is the bond obligee. Therefore, the FHA, not RLI, is the holder of the executed Bond.

I declare under the penalties of perjury this 28th day of July, 2008, that the foregoing is true and correct to the best of my knowledge and belief.

*Sandra Clayton*
Sandra Clayton

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RLI INSURANCE COMPANY,         )<br>                                )<br>        Plaintiff,              )<br>                                )<br>v.                              )   Civil Action No. 1:08-cv-00695 (JR)<br>                                )<br>SAMS TRANSP. SERVICES, INC., *ET AL.*, )<br>                                )<br>        Defendants.             )<br>                                ) | |

### ORDER

Upon consideration of the Motion for Reconsideration of Order of July 10, 2008 submitted by Defendants, All-Star Transportation, Inc.; First Trucking, Inc.; Gregory Logistics, Inc.; J&E Express, Inc.; Schibi Transportation, L.L.C.; and Topper 1; Plaintiff RLI Insurance Company's Opposition thereto, and the record, it is by the Court this _____ day of

_____, 2008,

ORDERED, that the Motion be, and the same hereby is, denied.

_____
United States District Court for
the District of Columbia

## CERTIFICATE OF SERVICE

I, Valerie Elizabeth Powell, do hereby certify that a true copy of the foregoing Opposition to Defendant's Motion for Reconsideration and proposed Order were served electronically on July 28, 2008 through this Court's electronic filing system upon counsel listed below who have entered an appearance in this action, and by U.S. Postal Service to the other parties listed in the Complaint.

/s/ Valerie E. Powell

Parties served electronically:

Paul D. Cullen, Jr.
The Cullen Law Firm, PLLC
1101 30th Street N.W., Suite 300
Washington, D.C. 20007
pxc@cullenlaw.com

Marvin Keller Trucking
c/o/ TransCredit, Inc.
9485 Regency Square Blvd., Suite 102
Jacksonville, FL 32225

Parties served by U.S. mail, postage prepaid:

Sam's Transportation Service, Inc.
a/t/a Sams Transportation Service, Inc.
3868 Highway 61 North
Cleveland, MS 38732

Peter Roncali
489 Parker Bayou Road
Shaw, MS 38773

Charles Evans Trucking, Inc.
P.O. Box 306
Wiggins, MS 39577

To the best knowledge of counsel for RLI Insurance Company, the other defendants in this matter have failed to enter an appearance.