UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RLI INSURANCE COMPANY,   )<br>  )<br>  )<br>Plaintiff,   )<br>  )   Civil Action No. 1:08-cv-00695(JR)<br>v.   )<br>  )<br>  )<br>SAM'S TRANSP. SERVICES, INC., *et al.*,   )<br>  )<br>Defendants.   )<br>_____)  | |

### REPLY OF DEFENDANTS IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER OF JULY 10, 2008

Despite being given two opportunities to respond to the Defendants' Motion to Dismiss, RLI has failed to address the Defendants' legal arguments. The Defendants respectfully request that the Court hold, assuming all facts plead by RLI are true, that as a matter of law the broker bond required under federal law must provide coverage of each claim up to $10,000. Because each claim is insured up to $10,000, there are not two or more adverse claimants to the bond, the requirements for an Interpleader are not met, and Count One of RLI's Complaint in Interpleader must be dismissed. In the alternative, the Defendants seek discovery on the factual issues that RLI has introduced in its opposition memoranda. This motion does not implicate Count Two and Count Three of the Complaint in Interpleader, RLI's indemnification claims against Sam's.

RLI ignores the Defendants' citations to the regulatory requirements of a broker bond, the bases for their Motion to Dismiss. RLI argues that the bond it sold to Sam's has a penal sum of $10,000 "as required by statute" but cites to no statute or regulation that mandates that the bond

1

consist of a "penal sum." Nor does RLI cite to any legal authority that limits a surety's liability to an aggregate sum of $10,000 for all claims.

Instead of addressing Defendants' legal argument, RLI submitted Exhibit A to its first opposition memorandum (Document 23) and argues that a provision of this document limits the bond's coverage to an aggregate sum of $10,000. But RLI fails to establish what legal authority, if any, this document possesses. RLI makes no attempt to argue that its interpretation of Exhibit A is consistent with the specific requirements of a broker bond under 49 C.F.R. § 387.307: that a bond be in effect continuously for $10,000 as a condition of the broker's registration in order to ensure the financial responsibility of the broker. These requirements were outlined and discussed at length in Defendants' memoranda.[1]

As a matter of law, however, any document that limits coverage of a broker bond to an aggregate sum of $10,000 would be inconsistent with the law and unenforceable. Even if a document such as Exhibit A between RLI and Sam's exists, it would have to be read consistently with the legal requirements for such a bond. When interpreting the coverage of a statutory bond, a court must look to the provisions of the statute and rules requiring the bond.[2] Any bond provision that conflicts with or is not contained in the statutory requirements of a bond is

---

[1] Memorandum in Support of Defendants' Motion to Dismiss (Document 17-2) at 5-7 and Memorandum in Support of Defendants' Motion for Reconsideration (Document 28-2) at 3-4, 10-11.

[2] *Community Sav. Bank v. Western Surety Co.*, 232 Iowa 1381, 1386, 8 N.W.2d 427, 429 (Iowa 1943)("[T]he liability of a surety on a statutory bond is measured and defined by statute and that a construction of the statute is a construction of the bond."); *American Surety Co. of New York v. Bankers Savings & Loan Ass'n of Omaha, Neb.* 67 F.2d 803, 805-6 (8th Cir 1933)("[T]he Nebraska statute limited the effect of warranties or condition in contracts or policies of insurance...is controlling.")

disregarded or considered mere surplusage.³ A broker bond provision that limits the surety's liability to an aggregate $10,000 would conflict with the regulations governing broker bonds and be unenforceable.

Despite having the opportunity to do so in its Complaint and in two memoranda in opposition to the Defendants' motion to dismiss, RLI has failed to produce a copy of any document memorializing the bond it sold to Sam's Transportation - the very subject of its Complaint in Interpleader. If, as RLI asserts, the terms of a document such as Exhibit A governs the terms of a broker bond, then it has placed at issue what those terms are. By the introduction of Exhibit A, RLI may have turned Defendants' motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 12(d). Under that rule the parties must be given the opportunity "to submit all material pertinent to the motion."⁴ RLI asserts that, instead of RLI providing the Defendants with a copy of its actual filing of Exhibit A with the Department of Transportation for Sam's, the Defendants must subpoena the government to get a copy of it. Therefore, if the Court does not grant the Defendants' Motion to Dismiss, Defendants respectfully request in the alternative that the parties be required to proceed with discovery. Defendants would seek discovery of documents and information related to the bond and RLI's treatment of it.

Defendants' respectfully request that the Court dismiss Count One of the Complaint in Interpleader, or in the alternative, order the parties to confer under Fed. R. Civ. P. 26(f) within two weeks of this order, submit a discovery and litigation plan within 14 days of the parties'

---

³ *American Casualty Co. V. Southern Stages*, 37 S.E.2d 227, 231 (Ga. App. 1943); *Community Sav. Bank v. Western Surety Co.*, 8 N.W.2d 427, 429 (Iowa 1943); *Maryland Casualty Co. v. Dobson*, 196 S.E. 300, 302 (Ga. App. 1938)

⁴ Fed. R. Civ. P. 12(d)

conference, and proceed with discovery.

Date:   July 29, 2008                                  Respectfully submitted,

                                                                              /s/ Paul D. Cullen, Jr.
Paul D. Cullen, Jr. (D.C. Bar No. 463759)
**The Cullen Law Firm, PLLC**
1101 30th Street NW, Suite 300
Washington, DC 20007
(202) 944-8600
(202) 944-8611
Counsel for Defendants
All-Star Transportation, Inc.
First Trucking,
Gregory Logistics, Inc.
J & E Express, Inc.
Schibi Transportation, LLC
Topper 1

4

## CERTIFICATE OF SERVICE

I certify that on July 29, 2008, I served:

- Reply of Defendants in Support of Motion for Reconsideration of Order of July 10, 2008.

electronically by the court's CM/ECF system or by U.S. Postal Service as indicated below to the counsel and parties in this action.

                                                    /s/ Paul D. Cullen, Jr.
                                                  Paul D. Cullen, Jr. (D.C. Bar No.: 463759)

**Counsel Served Electronically:**

Eric R. Stanco, Esquire
Valerie Elizabeth Powell, Esquire
Stanco & Associates
126 C Street, N.W.
Washington, DC 20001
VEPOWELL@SURETYLAW.COM
Counsel to RLI Insurance Company

**Parties Served by U.S. Postal Service:**

Sam's Transportation Services, Inc.
a/t/a Sams Transportation, Services, Inc.
3868 Highway 61 North
Cleveland, MS 38732-8726

Marvin Keller Trucking
c/o TransCredit, Inc.
9485 Regency Square Blvd., Suite 102
Jacksonville, FL 32225

Charles Evans Trucking
P.O. Box 306
Wiggins, MS 39577