UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RLI INSURANCE COMPANY, )<br>)<br>)<br>Plaintiff, )<br>) Civil Action No. 1:08-cv-00695(JR)<br>v. )<br>)<br>)<br>SAM'S TRANSP. SERVICES, INC., *et al.*, )<br>)<br>Defendants. )<br>_____) | |

## OPPOSITION OF ALL-STAR TRANSPORTATION, INC., AND OTHERS TO MOTION TO DISMISS BY SAM'S TRANSPORTATION SERVICES, INC. FILED ON JULY 24, 2008

Defendants All-Star Transportation, Inc., First Trucking, Inc., Gregory Logistics, Inc., J & E Express, Inc., Schibi Transportation, LLC, and Topper 1 respond to the letter by Sam's Transportation Services, Inc., ("Sam's"), to the Court dated July 1, 2008, and filed in the docket as a motion to dismiss on July 24, 2008, (Document 30). Sam's denies liability on three bases. First it disputes the other Defendants' claims as listed in the Complaint. Second, it states that because it "posted in cash a $10,000 bond as required by law" that it is not indebted to either RLI or the Defendants. Finally, Sam's claims that it has paid 21 of the "plaintiffs" in full and therefore the legal action is "null and void."

As with Sam's first letter accepted by the Court as a motion to dismiss (Document 19), this letter does not meet the requirements for a motion to dismiss. Assuming this letter is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), such a motion challenges the legal adequacy of the claims contained within the complaint. In addressing a motion to dismiss,

the Court treats the complaint's factual allegations as true, drawing all reasonable inferences in favor of the plaintiff.[1] The Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."[2] Sam's assertion that certain "plaintiffs" (these Defendants believe Sam's intended to refer to the other Defendants) listed in the complaint have been paid raises a factual issue that cannot be resolved in ruling on a motion to dismiss.

To the extent that Sam's letter can be interpreted as a challenge to RLI's right to indemnification, it presents a mixed question of law and fact. The letter states that Sam's has "posted in cash a $10,000 bond as required by law." Whether or not Sam's has done anything is a factual issue that cannot be resolved through a ruling on a motion to dismiss. Whether or not the payment of $10,000 for a bond would extinguish RLI's right to indemnification in its contract (Count Two of the Complaint) or under common law (Count Three of the Complaint) is not a matter of concern to these Defendants, and therefore, they take no position on this issue.

But to the extent that Sam's argues that the law requires it to have "posted in cash a $10,000 bond," and that by doing so it has no further indebtedness to RLI or the Defendants, Sam's makes an incorrect and unsupported statement of the law. The law provides that Sam's must have a surety bond or trust "in effect" for $10,000.[3] The rules do not require Sam's to have "posted in cash" any amount for a bond and do not otherwise prescribe what consideration an insurance company must demand for such a bond. Nor does the law provide that by obtaining a

---

[1] *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C.Cir. 2003)

[2] *Gustave-Schmidt v. Chao*, 226 F.Supp.2d 191, 196 ( D.D.C.2002) (citation omitted)

[3] 49 C.F.R. §387.307(a)

bond Sam's is relieved of its contractual indebtedness to either RLI or claimants such as these Defendants. The purpose of the bond is to protect the financial interest of shippers and motor carriers, such as the Defendants, in the event of a default in payment by Sam's.[4] Posting a bond under 49 U.S.C. §13906 does not excuse Sam's from its contractual liabilities to claimants. Instead, it provides the Defendants with an alternative method of recovery for Sam's breach of contract.

To the extent that Sam's statement perpetuates RLI's position that the coverage of the bond is limited to an aggregate of $10,000 in claims, as opposed to $10,000 per claim, it is also an incorrect statement of the law. These Defendants have argued extensively in memoranda in support of their Motion to Dismiss (Document No. 17-2) and in support of its Motion for Reconsideration (Document No. 28-2) that the law requires a bond that covers each claim up to $10,000. Sam's cites to no authority that its or RLI's liability, under the bond or otherwise, is limited to a single $10,000, and the Defendants know of none.

Finally, whatever the document entitled "Vendor QuickReport" attached to Sam's letter represents, it does not list or refer to any of the Defendants filing this response, or the claim of Defendant, Charles Evans Trucking.

In conclusion, to the extent Sam's letter argues the facts of this action, the motion to dismiss should be denied. To the extent that San's letter contains a motion to dismiss RLI's Counts Two and Three related to RLI's indemnification rights against Sam's, the Defendants take no position. Finally, Sam's statement that it "posted in cash a $10,000 bond" and the effect of that action to protect itself or RLI from further indebtedness or to limit the potential recovery

---

[4] 49 C.F.R. § 387.307(b)

3

of Defendants is incorrect under the law.  Finally, it contains no statement as to Sam's indebtedness to these Defendants.

    A proposed order denying Sam's motion to dismiss with prejudice accompanies this opposition.

Date:   August 13, 2008                                      Respectfully submitted,

                                                          /s/ Paul D. Cullen, Jr.
                                                          Paul D. Cullen, Jr. (D.C. Bar No. 463759)
                                                          **The Cullen Law Firm, PLLC**
                                                          1101 30th Street NW, Suite 300
                                                          Washington, DC 20007
                                                          (202) 944-8600
                                                          (202) 944-8611
                                                          Counsel for Defendants
                                                          All-Star Transportation, Inc.
                                                          First Trucking,
                                                          Gregory Logistics, Inc.
                                                          J & E Express, Inc.
                                                          Schibi Transportation, LLC
                                                          Topper 1

## CERTIFICATE OF SERVICE

I certify that on August 13th, I served the following:

- Notice of Appearance for Randall S. Herrick-Stare;

- Opposition of All-Star Transportation, Inc., and Others to Motion to Dismiss by Sam's Transportation Services, Inc. Filed on July 24, 2008; and

- Proposed Order denying motion.

electronically by the court's CM/ECF system or by U.S. Postal Service as indicated below to the counsel and parties in this action.

          /s/ Paul D. Cullen, Jr.
          Paul D. Cullen, Jr. (D.C. Bar No.: 463759)

**Counsel Served Electronically:**

Eric R. Stanco, Esquire
Valerie Elizabeth Powell, Esquire
Stanco & Associates
126 C Street, N.W.
Washington, DC  20001
VEPOWELL@SURETYLAW.COM

Counsel to RLI Insurance Company

**Parties Served by U.S. Postal Service:**

Sam's Transportation Services, Inc.
Sams Transportation, Services, Inc.
3868 Highway 61 North
Cleveland, MS 38732-8726

Marvin Keller Trucking
c/o TransCredit, Inc.
9485 Regency Square Blvd., Suite 102
Jacksonville, FL 32225

Charles Evans Trucking
P.O. Box 306
Wiggins, MS 39577

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RLI INSURANCE COMPANY, )<br>)<br>)<br>Plaintiff, )<br>) Civil Action No. 1:08-cv-00695(JR)<br>v. )<br>)<br>)<br>SAM'S TRANSP. SERVICES, INC., *et al.*, )<br>)<br>Defendants. )<br>_____) | |

## ORDER RE: OPPOSITION OF ALL-STAR TRANSPORTATION, INC., AND OTHERS TO MOTION TO DISMISS BY SAM'S TRANSPORTATION SERVICE, INC. FILED ON JULY 24, 2008

Upon consideration of Defendants' Opposition to Motion to Dismiss by Sam's Transportation Service, Inc., filed on July 24, 2008, (Document 30), it is this _____ day of _____, 2008, ORDERED:

1. That the Motion to Dismiss filed by Sam's Transportation Service, Inc., on July 24, 2008 be DENIED.

2. That the Clerk of the Court shall notify all counsel of record of this Order.

_____
James Robertson
United Stated District Court Judge